553 A.2d 79

**COMMONWEALTH of Pennsylvania**

v.

**Erinaldo PEREZ, Appellant.**

Superior Court of Pennsylvania.

Submitted July 5, 1988.

Filed Dec. 27, 1988.

Reargument Denied Feb. 14, 1989.

150

Michael S. Gingerich, Lewistown, for appellant.

Andrew B. Kramer, Assistant District Attorney, Harrisburg, for Com., appellee.

Before BROSKY, JOHNSON and WATKINS, JJ.

BROSKY, Judge:

This is a consolidated appeal from an order denying relief from a PCHA petition filed regarding charges at three different docket numbers. Appellant pled guilty to various drug charges among them were two conspiracy charges, one to distribute marijuana and another to distribute cocaine. Appellant alleges, among other things, that it was error to sentence him on both conspiracy charges as under 18 Pa.C.S. § 903(c) he was guilty of only one conspiracy. We agree and reverse the order appealed from to the extent it affirms sentences on both conspiracy charges.

Section 903(c) of the Crimes Code states:

Conspiracy with multiple criminal objectives.—If person conspires to commit a number of crimes, he is guilty of

only one conspiracy as long as such multiple crimes are the object of the same agreement or continuous conspiratorial relationship. 18 Pa.C.S. § 903.

In *Commonwealth v. Lore*, 338 Pa.Super. 42, 487 A.2d 841 (1984), a panel of this Court expounded upon this section of the Code saying:

Section 903(c) articulates a concept which is not new in American jurisprudence, "The conspiracy is the crime, and that is one, however diverse its objects." *Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942), *quoting Frohwerk v. United States*, 249 U.S. 204, 210, 39 S.Ct. 249, 252, 63 L.Ed. 561 (1919). *See also* W. LaFave and A. Scott, CRIMINAL LAW § 62 (1972) ("An agreement to commit several crimes is but one conspiracy.") In *Braverman, supra*, the Supreme Court went on to explain that, "The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute...." *Id.* 317 U.S. at 54, 63 S.Ct. at 102.

More recently, the parameters of this principle have been further defined:

A single, continuing conspiracy is demonstrated where the evidence proves that the essential feature of the existing conspiracy was a common plan or scheme to achieve a common, single, comprehensive goal.... A single, continuing conspiracy may contemplate a series of offenses, or be comprised of a series of offenses, or be comprised of a series of steps in the formation of a larger, general conspiracy.... Therefore, where the evidence at trial is sufficient for the jury to infer that the essential features of the existing conspiracy were a common plan or scheme to achieve a common, single, comprehensive goal or end, then the conclusion that the conspiracy was a single, continuing conspiracy is justified.

*United States v. Continental Group, Inc.*, 456 F.Supp. 704, 716 (E.D.Pa.1978), *aff'd*, 603 F.2d 444 (3d Cir.1979),

*cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980).

The opinion of the trial court with regard to this issue focused mostly on the double jeopardy challenge which appellant raised along with the section 903(c) challenge. The trial court states:

> In the instant case, in order to establish a conspiracy, the Commonwealth must prove that the Defendant made an agreement with another individual to achieve an unlawful objective. Defendant's unlawful objective in one conspiracy was to deliver marijuana and/or possess it with intent to deliver and in the second conspiracy Defendant's objective was to deliver cocaine and/or possess it with intent to deliver. Each conspiracy required proof of a fact that the other did not. More specifically one conspiracy required proof of delivery of and/or possession with intent to deliver cocaine and the other marijuana.
>
> . . . . .
>
> If the case would have gone to trial, the Commonwealth would have produced evidence that each conspiracy involved different individuals, different recipients of the drugs in different geographic locations. According to *Blockburger,* proof of the foregoing assertions would result in two separate and distinct conspiracies. (Trial court opinion pp. 20–21).

The reference to the *Blockburger* test might be useful to an inquiry of whether there has been a prima facie commission of separate offenses, yet its utility in determining whether there was more than one conspiracy must be questioned. The trial court's statement itself is rather conclusory as to whether there were two separate agreements to engage in the selling of the contraband. The court, in essence, simply concluded:

> ... that if the case had proceeded to trial, the Commonwealth would have established two separate agreements with different individuals and two separate objects, one to deliver cocaine and the second to deliver marijuana.

However, a review of the record casts doubt as to whether this would in fact have been proven, especially when the criminal complaint itself appears to insufficiently allege separate conspiracies:

The acts committed by the accused were:

A. Criminal conspiracy, 18 Pa.C.S.A. Section 903 (2 Counts).

1. Between November 1, 1982 and February 1, 1984, Erinaldo Perez, Justo Perez–Ramos, Roberto E. Simon, Emilio Diaz, George E. Walters, Robert G. Walters ... and/or others conspired to violate the drug laws of the Commonwealth of Pennsylvania by agreeing to obtain, possess, possess with intent to deliver and/or deliver a controlled substance, to wit, marijuana, a Schedule T Controlled Substance and overt acts in furtherance of said conspiracy, some of which are more fully set forth in the Affidavit of Probable Cause attached to this Complaint, were committed in Huntingdon County.

The second paragraph mirrors the above with the exception of the specification of cocaine as the controlled substance and the specification of a few different participants than the first, all of which, upon review of the Affidavit of probable cause, appear to have been connected with the Walters and not with the appellant. Nothing in the complaint tends to establish separate conspiracies to distribute cocaine and marijuana or tends to disprove that a single conspiratorial relationship existed from which both marijuana and cocaine were distributed to the Walters in Pennsylvania. The Affidavit of probable cause referred to in the complaint, despite having 151 paragraphs and being over 30 pages in length, is further barren of these allegations and instead tends to support appellant's position. The lone paragraph of that document relevant to appellant's distribution of drugs reads:

George and Robert WALTERS regularly obtained quantities of cocaine, marihuana, LSD, and other controlled substances from several different suppliers for distribution to numerous customers. The WALTERS' operation

was that of a retailer for drugs in the Huntingdon County/central Pennsylvania area, as well as serving as middle men for the distribution of controlled substances to other retailers. Erinaldo PEREZ, Justo PEREZ–Ramos, Roberto SIMON, and Emilio DIAZ, all of whom reside in the Miami, Florida area, supplied the WALTERS with marihuana and cocaine from Miami on a regular basis, and James C. POE supplied the WALTERS with marihuana from Ohio....

The rest of the affidavit details the Walters' dealings with various other individuals. Appellant is depicted as doing no more than supplying, along with the other three Miami residents, cocaine and marijuana to the Walters, who in turn dealt the drugs to others. Quite incongruously, the Walters' involvement with others, particularly the Walters' sale of drugs to others, is used by the Commonwealth, and alluded to by the trial court, to attempt to show separate conspiracies by appellant. Undoubtedly, many separate offenses were committed during the course of the conspiratorial relationship. However, under our law this does not automatically lead to a determiniation that there was more than one conspiracy or conspiratorial relationship. One receives the impression that had an individual called the appellant and ordered five different types of drugs from him which the appellant then agreed to sell, the Commonwealth would argue that there were five conspiracies committed. We do not read section 903(c) in that manner. Our own review of the record leads us to conclude that nothing presented by the Commonwealth tends to establish two separate conspiracies but rather instead tends to establish a single conspiratorial relationship from which two contraband substances were distributed to the Walters in Pennsylvania. Under *Lore* and Section 903(c) we would conclude that only one sentence is authorized under the facts alleged.

We note that although appellant was sentenced to a maximum period of incarceration consistent with the maximum allowable, the minimum period was less than that statutorily authorized. Because our review of the record

makes it difficult to determine whether the sentencing court would impose the same sentence for a single conspiracy as that imposed for one of the two conspiracies, we will vacate the sentence imposed on both and remand for imposition of sentence on a single conspiracy count. See, *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983).

The order appealed from is reversed to the extent it denies the relief of vacating the conspiracy sentences. The order is affirmed in all other respects. Remanded for resentencing consistent with this opinion.[1]

## JUDGMENT

ON CONSIDERATION WHEREOF, it is hereby ordered and adjudged by this Court that the PCHA Orders of the Court of Common Pleas of Huntingdon County are affirmed in part, reversed in part and cases are remanded for resentencing.

---

1. We do not reach the other issues raised by appellant, which deal with withdrawal of the guilty plea, because appellant has requested relief in the alternative, either withdrawal of the plea or vacation of one of the conspiracy sentences. However, our decision today should not be construed to prejudice appellant's right to appeal this issue after a valid sentence is imposed by the trial court.