J-S73005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY EUGENE SMITH | |
| Appellant | No. 1802 WDA 2015 |

Appeal from the Judgment of Sentence October 27, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001414-2014,
CP-07-CR-0001415-2014, CP-07-0001420-2014,
CP-07-CR-0001422-2014, CP-07-CR-0001426-2014
CP-07-CR-0001427-2014

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

CONCURRING AND DISSENTING STATEMENT BY LAZARUS, J.:

**FILED: DECEMBER 9, 2016**

I join in the majority's disposition of the issues raised on appeal by Smith. I dissent, however, on the majority's affirmance of five of Smith's six conspiracy convictions.[1]

Pursuant to **Commonwealth v. Perez**, 553 A.2d 79 (Pa. Super. 1988), I believe that Smith conspired to commit a single violation of our Commonwealth's statute, possession with intent to deliver. Smith's actions involved a course of continuing conduct "involving the repetition of a single

_____

[1] In doing so, I recognize that we can raise illegality of sentence claims *sua sponte*. **See Commonwealth v. Edrington**, 780 A.2d 721 (Pa. Super. 2001).

crime," *id.*, when the same confidential informant engaged in six separate controlled buys of marijuana with Smith.  *See* 18 Pa.C.S. § 903(c) (if person conspires to commit number of crimes, he is guilty of only one conspiracy so long as such multiple crimes *are object of* same agreement *or continuous conspiratorial relationship*).  Accordingly, while I would affirm Smith's judgment of sentence, I would vacate five of his six conspiracy convictions.[2]

_____

[2] I also disagree with the majority's decision to affirm the five conspiracy convictions based on the fact that Smith "very well may have not been entitled to relief in any event." Majority Memorandum, at n.4.  While Smith's case may not necessitate remand for resentencing because his conspiracy sentences were ordered to run concurrently to the underlying offense, it does not change the fact that only one of Smith's conspiracy convictions is authorized under the facts alleged.  Thus, this portion of his sentence is illegal and our disposition should reflect that fact.  *See Commonwealth v. Barnes*, 871 A.2d 812 (Pa. Super. 2005) (despite fact that only one illegal conspiracy conviction (to deliver controlled substance) required remand for resentencing, court vacated two other conspiracy convictions (to commit third-degree murder and to commit robbery) in its final disposition on appeal where only a single conspiratorial agreement had been proven).