871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freddie D. MONTGOMERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5976.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Montgomery, a pro se federal prisoner, requests the appointment of counsel and appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Montgomery was convicted, by a jury, of conspiracy to steal cars and transport them in interstate commerce and conspiracy to rob banks (count one), transporting stolen vehicles (counts two, three and six), two counts of bank robbery (counts four and five), and use of a firearm during the bank robberies (counts seven and eight). He was sentenced to a total of thirty years, and this court affirmed his conviction in an unpublished order. In this motion to vacate, Montgomery sought to have the sentences imposed on counts one through six vacated on the grounds that the superseding indictment was defective because of duplicity and multiplicity and because it violates double jeopardy. Essentially, Montgomery argued that the double jeopardy clause prohibited the government from charging him with both conspiracy to commit certain offenses (namely, theft, interstate transportation of stolen vehicles, and bank robbery) as well as the substantive offenses themselves. He also alleged ineffective assistance of counsel for counsel's failure to challenge the indictment. The district court denied the motion finding the claims meritless. On appeal, Montgomery requests the appointment of counsel, and additionally argues that the district court erred in not conducting an evidentiary hearing.
 
 
 3
 Upon review, we affirm the district court's judgment. There is no merit to petitioner's claim that the superseding indictment was defective in charging both conspiracy to commit certain substantive offenses as well as the substantive offenses themselves. It is well settled that conspiracy to commit an offense is a separate and distinct crime from the commission of the substantive offense. See United States v. Allen, 797 F.2d 1395, 1402 (7th Cir.), cert. denied, 479 U.S. 856 (1986); United States v. Lupino, 480 F.2d 720, 724 (8th Cir.), cert. denied, 414 U.S. 924 (1973).
 
 
 4
 We also find no error in the government charging two crimes in count one of the indictment (namely, conspiracy to steal cars and transport them in interstate commerce, and conspiracy to rob banks). It was proper for the government to charge both of the conspiracy's objectives in one count of the indictment because there was only one agreement to commit unlawful acts. As such, there could be only one violation of the federal conspiracy statute. See Braverman v. United States, 317 U.S. 49, 52-53 (1942). This is so even if the conspiratorial agreement encompasses diverse criminal objectives which violate several different statutes. See United States v. Bendis, 681 F.2d 561, 564 (9th Cir.1981), cert. denied, 459 U.S. 973 (1982). In fact, the indictment would have been defective had the government attempted to charge multiple violations of the conspiracy statute. See United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir.1986).
 
 
 5
 We further conclude that regardless of whether the wording of a particular statute or the numerical code section was used in the indictment counts, either method was sufficient to place Montgomery on notice as to what charges he would be defending.
 
 
 6
 Lastly, under the standards enunciated in Strickland v. Washington, 466 U.S. 668 (1984), we conclude that counsel's performance was not deficient for not challenging the indictment as the indictment was proper as drafted. Furthermore, because Montgomery's claims were clearly meritless on the record, the district court did not err in not conducting an evidentiary hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.