# BRAVERMAN *v.* UNITED STATES.*

No. 43.   Argued October 21, 1942.—Decided November 9, 1942.

---

* Together with No. 44, *Wainer* v. *United States,* also on writ of certiorari, 316 U. S. 653, to the Circuit Court of Appeals for the Sixth Circuit.

*Mr. James J. Magner* for petitioner in No. 43. *Mr. John E. Dougherty* for petitioner in No. 44.

*Mr. W. Marvin Smith,* with whom *Solicitor General Fahy* was on the brief, for the United States.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

The questions for decision are: (1) Whether a conviction upon the several counts of an indictment, each charging conspiracy to violate a different provision of the Internal Revenue laws, where the jury's verdict is supported by evidence of but a single conspiracy, will sustain a sentence of more than two years' imprisonment, the maximum penalty for a single violation of the conspiracy statute, and (2) whether the six-year period of limitation prescribed by § 3748 (a) of the Internal Revenue Code is applicable to offenses arising under § 37 of the Criminal Code, 18 U. S. C. 88 (the conspiracy statute), where the object of the conspiracy is to evade or defeat the payment of a federal tax.

Petitioners were indicted, with others, on seven counts, each charging a conspiracy to violate a separate and distinct internal revenue law of the United States.[1] On the trial there was evidence from which the jury could have found that, for a considerable period of time, petitioners, with others, collaborated in the illicit manufacture, trans-

---

[1] The seven counts respectively charged them with conspiracy, in violation of § 37 of the Criminal Code, unlawfully (1) to carry on the business of wholesale and retail liquor dealers without having the special occupational tax stamps required by statute, 26 U. S. C. § 3253; (2) to possess distilled spirits, the immediate containers of which did not have stamps affixed denoting the quantity of the distilled spirits which they contained and evidencing payment of all Internal Revenue

portation, and distribution of distilled spirits, involving
the violations of statute mentioned in the several counts
of the indictment. At the close of the trial, petitioners
renewed a motion which they had made at its beginning
to require the Government to elect one of the seven counts
of the indictment upon which to proceed, contending that
the proof could not and did not establish more than one
agreement. In response the Government's attorney took
the position that the seven counts of the indictment
charged as distinct offenses the several illegal objects of
one continuing conspiracy, that if the jury found such a
conspiracy it might find the defendants guilty of as many
offenses as it had illegal objects, and that for each such
offense the two-year statutory penalty could be imposed.

The trial judge submitted the case to the jury on that
theory. The jury returned a general verdict finding pe-
titioners "guilty as charged," and the court sentenced each
to eight years' imprisonment. On appeal the Court of
Appeals for the Sixth Circuit affirmed, 125 F. 2d 283, on
the authority of its earlier decisions in *Fleisher* v. *United
States,* 91 F. 2d 404 and *Meyers* v. *United States,* 94 F. 2d
433. It found that "From the evidence may be readily
deduced a common design of appellants and others, fol-
lowed by concerted action," to commit the several unlaw-
ful acts specified in the several counts of the indictment.
It concluded that the fact that the conspiracy was "a
general one to violate all laws repressive of its consumma-

taxes imposed on such spirits, 26 U. S. C. § 2803; (3) to transport
quantities of distilled spirits, the immediate containers of which did
not have affixed the required stamps, 26 U. S. C. § 2803; (4) to carry
on the business of distillers without having given bond as required by
law, 26 U. S. C. § 2833; (5) to remove, deposit and conceal distilled
spirits in respect whereof a tax is imposed by law, with intent to defraud
the United States of such tax, 26 U. S. C. § 3321; (6) to possess un-
registered stills and distilling apparatus, 26 U. S. C. § 2810; and (7)
to make and ferment mash, fit for distillation, on unauthorized premises,
26 U. S. C. § 2834.

tion does not gainsay the separate identity of each of the several conspiracies." We granted certiorari, 316 U. S. 653, to resolve an asserted conflict of decisions.[2] The Government, in its argument here, submitted the case for our decision with the suggestion that the decision below is erroneous.

Both courts below recognized that a single agreement to commit an offense does not become several conspiracies because it continues over a period of time, see *United States* v. *Kissel,* 218 U. S. 601, 607; cf. *In re Snow,* 120 U. S. 274, 281–3, and that there may be such a single continuing agreement to commit several offenses. But they thought that, in the latter case, each contemplated offense renders the agreement punishable as a separate conspiracy.

The question whether a single agreement to commit acts in violation of several penal statutes is to be punished as one or several conspiracies is raised on the present record, not by the construction of the indictment, but by the Government's concession at the trial and here, reflected in the charge to the jury, that only a single agreement to commit the offenses alleged was proven. Where each of the counts of an indictment alleges a conspiracy to violate a different penal statute, it may be proper to conclude, in the absence of a bill of exceptions bringing up the evidence, that several conspiracies are charged rather than one, and that the conviction is for each. See *Fleisher* v. *United States, supra; Shultz* v. *Hudspeth,* 123 F. 2d 729, 730. But it is a different matter to hold, as the court below appears to have done in this case and in *Meyers* v.

---

[2] Compare the decision below and those in *Beddow* v. *United States,* 70 F. 2d 674, 676 (C. C. A. 8th); *Yenkichi Ito* v. *United States,* 64 F. 2d 73, 77 (C. C. A. 9th); and *Olmstead* v. *United States,* 19 F. 2d 842, 847 (C. C. A. 9th), with those in *United States* v. *Mazzochi,* 75 F. 2d 497, 498 (C. C. A. 2nd); *Short* v. *United States,* 91 F. 2d 614, 622 (C. C. A. 4th); *Powe* v. *United States,* 11 F. 2d 598, 599 (C. C. A. 5th); and *United States* v. *Anderson,* 101 F. 2d 325, 333 (C. C. A. 7th).

*United States, supra,* that even though a single agreement is entered into, the conspirators are guilty of as many offenses as the agreement has criminal objects.

The gist of the crime of conspiracy as defined by the statute is the agreement or confederation of the conspirators to commit one or more unlawful acts "where one or more of such parties do any act to effect the object of the conspiracy." The overt act, without proof of which a charge of conspiracy cannot be submitted to the jury, may be that of only a single one of the conspirators and need not be itself a crime. *Bannon* v. *United States,* 156 U. S. 464, 468–9; *Joplin Mercantile Co.* v. *United States,* 236 U. S. 531, 535, 536; *United States* v. *Rabinowich,* 238 U. S. 78, 86; *Pierce* v. *United States,* 252 U. S. 239, 244. But it is unimportant, for present purposes, whether we regard the overt act as a part of the crime which the statute defines and makes punishable, see *Hyde* v. *United States,* 225 U. S. 347, 357–9, or as something apart from it, either an indispensable mode of corroborating the existence of the conspiracy or a device for affording a *locus poenitentiae,* see *United States* v. *Britton,* 108 U. S. 193, 204, 205; *Dealy* v. *United States,* 152 U. S. 539, 543, 547; *Bannon* v. *United States, supra,* 469; *Hyde* v. *Shine,* 199 U. S. 62, 76; *Hyde* v. *United States, supra,* 388; *Joplin Mercantile Co.* v. *United States, supra.*

For when a single agreement to commit one or more substantive crimes is evidenced by an overt act, as the statute requires, the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.

The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for "The conspiracy is the crime, and that is one, however diverse its objects." *Frohwerk* v. *United States,* 249 U. S. 204, 210; *Ford* v. *United States,* 273 U. S. 593, 602; *United States* v. *Manton,* 107 F. 2d 834, 838. A conspiracy is not the commission of the crime which it contemplates, and neither violates nor "arises under" the statute whose violation is its object. *United States* v. *Rabinowich, supra,* 87–9; *United States* v. *McElvain,* 272 U. S. 633, 638; see *United States* v. *Hirsch,* 100 U. S. 33, 34, 35. Since the single continuing agreement, which is the conspiracy here, thus embraces its criminal objects, it differs from successive acts which violate a single penal statute and from a single act which violates two statutes. See *Blockburger* v. *United States,* 284 U. S. 299, 301–4; *Albrecht* v. *United States,* 273 U. S. 1, 11–12. The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute, § 37 of the Criminal Code. For such a violation, only the single penalty prescribed by the statute can be imposed.

Petitioner Wainer contends that his prosecution was barred by the three-year statute of limitations, 18 U. S. C. § 582, since he withdrew from the conspiracy more than three, although not more than six, years before his indictment. This Court, in *United States* v. *McElvain,* 272 U. S. 633, 638, and *United States* v. *Scharton,* 285 U. S. 518, held that the three-year statute of limitations applicable generally to criminal offenses barred prosecution for a conspiracy to violate the Revenue Acts, since it was not within the exception created by the Act of November 17, 1921, 42 Stat. 220, now § 3748 (a) (1) of the Internal Revenue Code, which provided a six-year statute of limitations "for offenses involving the defrauding or attempting to defraud the United States or any agency thereof,

whether by conspiracy or not." To overcome the effect of these decisions, that Act was amended, Revenue Act of 1932, 47 Stat. 169, 288, by the addition of a second exception, which provided a six-year statute of limitations "for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof," and by the addition of a new paragraph, reading as follows:

"For offenses arising under section 37 of the Criminal Code, where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years."

To be within this last paragraph it is not necessary that the conspiracy have as its object the commission of an offense in which defrauding or attempting to defraud the United States is an element. It is enough that the conspiracy involves an attempt to evade or defeat the payment of federal taxes, which was among the objects of the conspiracy of which petitioner was convicted. Enlargement, to six years, of the time for prosecution of such conspiracies was the expressed purpose of the amendment. See H. R. Rep. No. 1492, 72d Cong., 1st Sess., 29.

We do not pass upon petitioner Wainer's argument that his plea of former jeopardy should have been sustained, since the earlier indictment to which he pleaded guilty and which he insists charged the same offense as that of which he has now been convicted, is not a part of the record.

The judgment of conviction will be reversed and the cause remanded to the District Court, where the petitioners will be resentenced in conformity to this opinion.

*Reversed.*