890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert F. BECKMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5424.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert F. Beckman, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Beckman and co-conspirator Green were indicted in a forty-three count indictment charging that Green, as president of the American Bank, would approve loans in the names of fictitious persons or companies and apply the proceeds of the loans to debts of Beckman. Beckman pleaded guilty to conspiracy (count one) and aiding and abetting the misapplication of bank funds (counts four and five). He was sentenced to three years imprisonment on count one, followed by three years probation; he received a suspended sentence on counts four and five. In his motion to vacate, Beckman sought to have his sentence vacated because the indictment was defective on the grounds of duplicity and multiplicity and because it violated his rights against double jeopardy. Specifically, Beckman alleged: 1) count one (the conspiracy count) was duplicitous because it charged that he conspired to violate three separate criminal statutes; 2) the substantive counts violated the rule against multiplicity because the same offenses were charged in the conspiracy count; and 3) counts two through forty-three violated the rule against multiplicity because they charged the same offenses. The district court summarily denied the petition finding that none of Beckman's claims warranted relief.
 
 
 3
 Upon review, we affirm the judgment. First, Beckman's claim that count one was duplicitous because it charged violations of three separate criminal statutes is meritless. It was perfectly proper for the government to charge all of the conspiracy's objectives in one count of the indictment because there was only one agreement to commit unlawful acts. As such, there could be only one violation of the federal conspiracy statute. See Braverman v. United States, 317 U.S. 49, 52-54 (1942). This is so even if the conspiratorial agreement encompasses diverse criminal objectives which violate several different statutes. See United States v. Bendis, 681 F.2d 561, 564 (9th Cir.1981), cert. denied, 459 U.S. 973 (1982). In fact, the indictment would have been defective had the government attempted to charge multiple violations of the conspiracy statute. See United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir.1986).
 
 
 4
 We also find no merit to Beckman's argument that the substantive counts violated the rule against multiplicity because the same offenses were charged in the conspiracy count. It is well settled that conspiracy to commit an offense is a separate and distinct crime from the commission of the substantive offense. See United States v. Allen, 797 F.2d 1395, 1402 (7th Cir.), cert. denied, 479 U.S. 856 (1986); United States v. Lupino, 480 F.2d 720, 724 (8th Cir.), cert. denied, 414 U.S. 924 (1973).
 
 
 5
 Finally, Beckman argued that counts two through forty-three also violated the rule against multiplicity because they charged the same offenses. Whether an indictment is defective on the grounds of multiplicity is determined by whether each count requires proof of a fact which the other does not. See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Marquardt, 786 F.2d 771, 778 (7th Cir.1986). In this case, counts two through twenty-two charged Beckman with aiding and abetting the misapplication of funds in violation of 18 U.S.C. Secs. 2 and 656. Counts twenty-three through forty-three charged Beckman with aiding and abetting the making of false entries in violation of 18 U.S.C. Secs. 2 and 1005. Review of the pertinent statutes reveal that proof that Beckman violated Sec. 656 by aiding and abetting the misapplication of funds did not entail a showing that he aided and abetted the making of a false entry as required by Sec. 1005. Consequently, the indictment was not defective because both offenses require proof of a fact not necessarily required by the other. See Marquardt, 786 F.2d at 778-79.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.