111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Earnest PARKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3534.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 3, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied June 5, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Earnest Parker appeals the district court's denial of his motion for relief pursuant to 28 U.S.C. § 2255. In 1992, Parker was charged with conspiracy to possess cocaine with intent to distribute from around June 1, 1991 to about August 25, 1992. A jury returned a guilty verdict against him and the district court sentenced Parker to 420 months imprisonment, to run consecutively to the 142-month sentence he was serving from a previous drug conviction (the details of which we discuss below).
 
 
 2
 Parker claims that the 1992 conviction violated the Double Jeopardy Clause of the Fifth Amendment. He also claims that he received ineffective assistance of counsel at trial because his attorney did not raise the double jeopardy issue. In his petition in the district court, Parker also claimed that counsel was ineffective in failing to call a witness to support Parker's alibi. On appeal, Parker does not make an intelligible argument regarding his attorney's failure to call an alibi witness and therefore we shall not address this issue. Fed.R.App.P. 28(a)(6); see Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) We limit our discussion to Parker's claim that his conviction violated the Double Jeopardy Clause and that his attorney failed to pursue this issue at trial.
 
 
 3
 Parker directly appealed his conviction, claiming insufficiency of the evidence; we affirmed. United States v. James, 40 F.3d 850, 863-64 (7th Cir.1994). Because Parker did not raise his double jeopardy claim on direct appeal he is barred from raising the claim in a § 2255 motion, unless he can show cause for failing to raise the claim on direct appeal and actual prejudice from failure to raise the claim, or that refusal of the federal courts to consider the issue would result in a fundamental miscarriage of justice. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). Parker does not assert that failure to consider his claim will result in a fundamental miscarriage of justice. Rather he asserts the ineffective assistance of his attorney as the cause for his failure to raise this issue on appeal and claims prejudice from such.
 
 
 4
 Prior to the 1992 conviction, Parker had been convicted of one count of knowingly and intentionally possessing cocaine base ("crack") and knowingly and intentionally possessing heroin, each on or about July 20, 1990. That conviction was based on Parker's guilty plea to two counts of a three-count indictment. The third count, which was dropped in exchange for Parker's pleading guilty to the other two counts was for conspiracy to possess with intent to distribute cocaine and heroin from about March 26, 1990 to July 20, 1990. Based upon this conviction, Parker was sentenced on December 6, 1990 to two concurrent terms of 142 months in prison. He asserts that his 1992 conviction violated the double jeopardy clause because he had already been convicted of engaging in the same conspiracy.
 
 
 5
 We reject Parker's double jeopardy claim. The government violates the double jeopardy clause if it prosecutes an individual for two separate conspiracies if only one conspiracy exists. Braverman v. United States, 317 U.S. 49, 53 (1942); United States v. Dortch, 5 F.3d 1056, 1061 (7th Cir.1993). In that Parker's second conviction was based upon Parker's conspiring while he was serving time on the first conviction, we do not see how Parker can claim that this was a single conspiracy; the authorities had put the first conspiracy to an end prior to the commencement of the second conspiracy. To hold otherwise would give one who had been convicted of engaging in a conspiracy a free ticket to engage in additional conspiratorial acts long as he could show that the later acts were in furtherance of the initial conspiracy.
 
 
 6
 There is a more fundamental reason, however, as to why the Double Jeopardy Clause was not violated in this case. Parker was not prosecuted for engaging in two conspiracies. The first conviction was for the acts of possessing with intent to distribute cocaine and heroin. The second conviction was for conspiracy to possess cocaine. The commission of a substantive offense and conspiring to commit that offense are two separate crimes. Iannelli v. United States, 420 U.S. 770, 778 (1975); United States v. Sommers, 950 F.2d 1279, 1282-83 (7th Cir.1991). Therefore, the government, in bringing separate prosecutions for conspiracy and for the acts that were part of the conspiracy, did not violate the Double Jeopardy Clause. United States v. Felix, 503 U.S. 378, 388 (1992); Sommers, 950 F.2d at 1282.
 
 
 7
 Because his double jeopardy claim was without merit, Parker suffered no prejudice from the failure of his attorney to raise the issue on direct appeal and therefore it is not cognizable in a § 2255 motion. In addition, because his claim has no merit, he would lose even if we overlooked his failure to raise the claim on direct appeal. Moreover, his claim that he received ineffective assistance of counsel because his attorney did not raise the double jeopardy issue at trial necessarily fails. Because the double jeopardy claim had no merit, Parker's counsel's performance at trial was not inadequate and Parker suffered no prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)