1998 OK CR 36

**Kevin Bernard JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–97–805.**

Court of Criminal Appeals of Oklahoma.

June 10, 1998.

Robert H. Jacques, II, Jacques & Associates, Ada, for Defendant at trial.

Khristan K. Strubhar, Asst. Dist. Atty., Enid, for the State at trial.

Mary S. Bruehl, Oklahoma City, for Appellant on appeal.

W.A. Drew Edmondson, Atty. Gen., Kellye Bates, Asst. Atty. Gen., Oklahoma City, for the State on appeal.

### *SUMMARY OPINION*

LUMPKIN, Judge:

¶ 1 Appellant Kevin Bernard Jones was tried by a jury in the District Court of Garfield County, Case No. CF–96–57, and convicted of two counts of Conspiracy to Commit Murder in the First Degree (21 O.S. 1991, § 421) (Counts I and II) and one count of Assault and Battery with a Deadly Weapon (21 O.S.1992, § 652) (Count III). The jury recommended sentences of eight (8) years on Count I, eight (8) years on Count II, and twenty (20) years on Count III. The trial court sentenced Appellant in accordance with this recommendation and ordered the sentences to be served consecutively. Appellant now appeals from these judgments and sentences.

¶ 2 Appellant raises the following propositions of error:

    I.  Appellant's convictions for two counts of conspiracy to commit first degree murder violates his constitutional and

statutory protection against double punishment or double jeopardy due to the fact that the evidence only shows one agreement to kill two separate persons;

II. Appellant's sentence was excessive.

After a thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts and briefs of the parties, we have determined neither reversal nor modification is required under the law and evidence with respect to Appellant's convictions or sentences on Counts I and III. However, we find Appellant's conviction and sentence on Count II should be reversed and dismissed.

■ ¶ 3 To constitute the crime of conspiracy in Oklahoma, "two essential elements are required: an agreement between two or more people to commit an unlawful act, and some overt act by one or more of the parties in furtherance of this agreement." *Pearson v. State*, 556 P.2d 1025, 1030 (Okl.Cr.1976), *cert. denied*, 431 U.S. 935, 97 S.Ct. 2644, 53 L.Ed.2d 252 (1977). In *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), the Supreme Court found "there may be . . . a single continuing agreement to commit several offenses." *Id.* at 52, 63 S.Ct. at 101. The Court held as follows:

> [W]hen a single agreement to commit one of more substantive crimes is evidence by an overt act, as the statute requires, the precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects. Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.

*Id.* at 53, 63 S.Ct. at 101–102.

¶ 4 In the instant case, the murderous plot was hatched in early January, 1996, when Michelle Anderson told Appellant she wished her parents were dead. Appellant said, "I can do it. I can kill them." From that point forward, Michelle and Appellant spent their time planning and discussing how the murders would be accomplished. The evidence reflects one continuous agreement to commit two crimes with one essential purpose: to free Michelle from the control of her parents.

¶ 5 Appellant's two conspiracy convictions were based upon the exact same conduct, thereby implicating double jeopardy. In reversing Count II, we reject the State's argument that double jeopardy is not violated when two victims are involved. The cases cited by the State in support of this proposition are distinguishable, as none of them addresses the crime of conspiracy.

■ ¶ 6 With respect to the second proposition of error, we find Appellant's sentences on Counts I and III are not excessive. A sentence will not be modified unless it is so greatly disproportionate to the crime itself that it shocks the conscience of the Court. *See Rackley v. State*, 814 P.2d 1048, 1050 (Okl.Cr.1991). There is nothing shocking about Appellant's sentences under Counts I and III, as both were within the statutory limits. The evidence shows Appellant conspired with a minor to kill the minor's innocent parents simply because they were strict. He came within 1/16th of an inch of successfully completing a murder. For his endeavors, Appellant was to receive one victim's car and the contents of the other victim's wallet.

### DECISION

¶ 7 The Judgments and Sentences of the trial court are **AFFIRMED** as to Counts I and III. The Judgment and Sentence of the trial court are **REVERSED** as to Count II and **REMANDED** with instructions to **DISMISS** Count II in Case No. CF–96–57.

CHAPEL, P.J., and LANE, J., concur.

STRUBHAR, V.P.J., recuse.

JOHNSON, J., specially concurs.