UNITED STATES of America,

v.

Pornpimol KANCHANALAK

and

Duangnet Kronenberg, Defendants.

No. Crim. 98–0241 (PLF).

United States District Court,
District of Columbia.

Feb. 9, 1999.

Jonathan Biran, Debra Herzog, Campaign Financing Task Force, Criminal Division, U.S. Dept. Of Justice, Washington, DC, for Govt.

Reid Weingarten, Brian Heberlig, Steptoe & Johnson, Washington, DC, James Hamilton, Swidler & Berlin, Washington, DC, for defendants.

## OPINION

FRIEDMAN, District Judge.

This case is before the Court on defendants' Motion No. 5, to dismiss those portions of Count 18 of the Superseding Indictment relating to allegations of conspiracy to obstruct a congressional investigation in violation of 18 U.S.C. §§ 371 and 1505. Upon consideration of the defendants' motion, the government's opposition, the defendants' reply and the arguments of counsel presented in open court, the Court concludes that the defendants' motion · must be granted and that certain portions of Count 18 therefore must be stricken.

Count 18 of the Superseding Indictment charges the defendants with a conspiracy that allegedly began in or about December 1996 and continued through in or about March 1997. *See* Superseding Indictment at 30. It alleges that the defendants and others "combined, conspired, and agreed" with each other (1) "corruptly to obstruct the due administration of justice, that is, a federal grand jury investigation, in violation of 18 U.S.C. § 1503," and (2) "corruptly to obstruct the due administration of the law under which an inquiry is being conducted, that is, a congressional investigation, in violation of 18 U.S.C. § 1505." *Id.* Count 18 alleges in relevant part that "[a]t all times material to this Count, a Committee or Committees of the United States Senate or the United States House of Representatives were conducting an investigation or investigations of political contribu-

tions" that had been made in the names of the defendants or of Praitun Kanchanalak, or that "such an investigation or investigations were reasonably foreseeable." *Id.* at 29.[1] According to the Indictment, the purpose of the conspiracy was to "obstruct, impair, and impede ongoing or imminent federal grand jury and congressional investigations." *Id.* at 30.

The Indictment goes on to set out a series of overt acts including the alleged removal of records from corporate offices, the dissolution of the corporation, the collection of inactive corporate files, the retrieval of corporate files from the corporation's accountant, the removal of boxes containing those corporate records and files to a storage unit, the retrieval of other corporate records by the defendants from an accountant, the erasure of computer hard drives from several computers, and the mutilation and/or discarding of documents responsive to a grand jury subpoena. Superseding Indictment at 31–37.[2] The Indictment also alleges that Ms. Kanchanalak received notice on or about February 24, 1997 that a federal grand jury was seeking to subpoena her and certain relevant records. *Id.* at 36. The Indictment contains no allegations as to when the congressional investigations began and when, if ever, the defendants received notice of such investigations.

The defendants make three arguments in support of their motion to dismiss the Section 1505 object of the conspiracy alleged in Count 18.[3] *First,* defendants ar-

---

1. Praitun Kanchanalak is the mother of defendant Duangnet "Georgie" Kronenberg and the mother-in-law of defendant Pornpimol "Pauline" Kanchanalak.

2. The corporation referred to in Count 18 is Ban Chang International (USA), Inc. ("BCI USA"), a corporation organized under the laws of the Cayman Islands with offices located in the District of Columbia. The Superseding Indictment identifies Ms. Kanchanalak as a director, thirty percent shareholder and President of BCI USA and Ms. Kronenberg as secretary of BCI USA. Superseding Indictment at 1–2.

3. Defendants do not challenge the Section 1503 object of the conspiracy in this motion. Because the government need only prove one illegal object in order to convict defendants of conspiracy, *see United States v. Wynn,* 61 F.3d 921, 929 (D.C.Cir.), *cert. denied,* 516 U.S. 1015, 116 S.Ct. 578, 133 L.Ed.2d 501 (1995), defendants do not seek dismissal of Count 18 in its entirety. Instead they seek to have the Court "dismiss" the Section 1505 object of the conspiracy and to strike from the Superseding Indictment those allegations relating to the Section 1505 object.

gue that the term "corruptly" as defined in 18 U.S.C. § 1515(b) is void for vagueness and cannot support an indictment for conspiracy to obstruct a congressional investigation under this Circuit's decision in *United States v. Poindexter*, 951 F.2d 369 (D.C.Cir.1991), *cert. denied*, 506 U.S. 1021, 113 S.Ct. 656, 121 L.Ed.2d 583 (1992). *Second*, defendants argue that the portions of Count 18 relating to congressional investigations must be dismissed because the indictment does not allege that an official proceeding was pending at the time of the defendants' actions and therefore does not state an offense. *Finally*, defendants argue that the Superseding Indictment is fatally flawed because it alleges that the conspiracy to violate Section 1505 was to "obstruct the due administration of the law under which an inquiry is being conducted," when the actual language of Section 1505 refers not to "the due administration of the law" but to "the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had" by Congress or a committee of Congress. 18 U.S.C. § 1505.

The Court concludes that defendants' first two arguments lack merit but that Count 18 of the Superseding Indictment is defective for the third reason articulated by defendants. The Court therefore will strike the Section 1505 object of the conspiracy and all references to the congressional investigation from Count 18. As defendants acknowledged at the hearing, however, the government can easily correct this defect by asking the grand jury to return a second superseding indictment containing the correct language.

### A. The Poindexter Argument

In 1990, a jury convicted Admiral John Poindexter, President Reagan's National Security Advisor, *inter alia*, on two counts of obstruction of justice in violation of Section 1505 for making false and/or misleading statements to congressional committees and for participating in the preparation of a false chronology, deleting information from his computer and arranging a meeting at which Oliver North gave false statements. *United States v. Poindexter*, 951 F.2d at 377. The court of appeals reversed Admiral Poindexter's conviction, concluding that Section 1505 was unconstitutionally vague as applied to his false and misleading statements to Congress.[4] The court found the word "corruptly" unconstitutionally vague as applied for two reasons: (1) applying Section 1505 to the making of the false and misleading statements at issue in the appeal would require an "intransitive" reading of the word "corruptly"—*i.e.*, defendant corrupts or defendant becomes corrupt—rather than a "transitive" reading—*i.e.*, defendant corrupts another by causing the other person to act corruptly—and on its face, the statute favored a transitive reading; *and* (2) the term "corruptly" was too vague to provide constitutionally adequate notice that it proscribed lying to Congress. *Id.* at 379. The Court therefore reversed Poindexter's Section 1505 convictions. *United States v. Poindexter*, 951 F.2d at 388.

In response to the court's decision in *Poindexter*, Congress enacted a statutory definition of the term "corruptly." For purposes of Section 1505 only, "corruptly" now is defined by statute as "acting with an improper purpose, *personally or by in-*

---

4. Admiral Poindexter did not challenge the application of Section 1505 to any of the conduct alleged in the obstruction counts except the false statements, and the court of appeals therefore did not rule "upon any issues specific to [those counts] other than the sufficiency of the allegations regarding false and misleading statements." *United States v. Poindexter*, 951 F.2d at 377. It is not at all clear from the court's opinion whether the

other allegations would have been sufficient to support a Section 1505 conviction absent the unconstitutionally broad application of the statute to Admiral Poindexter's misstatements to Congress. In any event, the court reversed his conviction "on the ground that the statute cannot constitutionally be applied to *some of the conduct* alleged in [the obstruction counts] of the indictment." *Id.* at 388 (emphasis added).

*fluencing another,* including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information." 18 U.S.C. § 1515(b) (emphasis added). With that definition, Congress clearly corrected the first problem identified by the court in *Poindexter.* Persons charged under Section 1505 now have notice that Congress intended the word "corruptly" in Section 1505 to be used in both the transitive and the intransitive sense, that is, both a defendant who corrupts herself and a defendant who corrupts another can be prosecuted under Section 1505.

■ Defendants contend, however, that the definition provided in Section 1515(b) nonetheless remains unconstitutionally vague because it does not provide sufficiently specific content to the word "corruptly" for the reasons articulated by the Court in *Poindexter.* The Court disagrees. Defendants may be correct that the phrase "acting with an improper purpose," the first phrase in the Section 1515(b) definition, does not alleviate the concerns expressed by the court of appeals. *See United States v. Poindexter,* 951 F.2d at 378 ("vague terms do not suddenly become clear when they are defined by reference to other vague terms"). Nonetheless, the statute goes on to list the kinds of specific conduct proscribed by Section 1505: "making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information." 18 U.S.C. § 1515(b). Since much of the conduct allegedly taken by the defendants in this case falls within that list, defendants are hard-pressed to argue that they were not on notice that the term "corruptly" as defined by Section 1515(b) extended to the conduct alleged in the Superseding Indictment. *See* Superseding Indictment at ¶¶ 7–11. The Court therefore concludes that "corruptly" as now defined by statute is not unconstitutionally vague as applied to the conduct alleged in the Superseding Indictment.

## B. The "Pendency" Argument

■ The essential elements of a conspiracy charge are (1) an agreement between two or more persons, (2) to commit an offense or offenses against the United States, in this case to violate two separate obstruction of justice statutes, 18 U.S.C. §§ 1503 and 1505, (3) with knowledge of the conspiracy and with actual participation in it, where (4) one or more of the co-conspirators takes an overt act in furtherance of the conspiracy. *United States v. Gatling,* 96 F.3d 1511, 1518 (D.C.Cir. 1996). It is settled that the agreement is the essence of the conspiracy; provided that there is only one agreement, the government may allege one conspiracy with multiple illegal objects. *See Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23 (1942) ("Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes"); *United States v. Treadwell,* 760 F.2d 327, 334 (D.C.Cir.1985) ("Because it is the conspiratorial agreement that the statute punishes, a single agreement may have multiple objects"), *cert. denied,* 474 U.S. 1064, 106 S.Ct. 814, 88 L.Ed.2d 788 (1986); *May v. United States,* 175 F.2d 994, 1002 (D.C.Cir. 1949) ("neither a multiplicity of objects nor a multiplicity of means converts a single conspiracy into more than one offense. . . . 'The conspiracy is the crime, and that is one, however diverse its objects' ") (quoting *Frohwerk v. United States,* 249 U.S. 204, 210, 39 S.Ct. 249, 63 L.Ed. 561 (1919)); *United States v. Trie,* 23 F.Supp.2d 55, 59 (D.D.C.1998).

Count 18 charges a single conspiracy with two illegal objects: to obstruct a congressional investigation in violation of 18 U.S.C. § 1505, and to obstruct a grand jury investigation in violation of 18 U.S.C. § 1503. It is only the first of these two objects that is at issue here. The parties agree that a proceeding must be pending in order for one to commit the substantive offense of obstruction of Congress under

18 U.S.C. § 1505, but they disagree about whether the proceeding must be pending when the offense charged is *conspiracy* to obstruct a congressional investigation. Defendants argue that the proceeding must be pending at the time of the conspiracy; the government contends that it is sufficient if the proceeding is foreseeable at the time of the conspiracy and that it therefore is sufficient if the indictment alleges, as it does in this case, that "at all times material to this Count," a congressional investigation was being conducted *or* that such an investigation was "reasonably foreseeable." *See* Superseding Indictment at 29.

■ To the extent that defendants maintain that the government must prove that the defendants had knowledge that a congressional investigation was foreseeable or imminent at the time that they entered into the conspiratorial agreement, defendants clearly are correct. *See Developments in the Law—Criminal Conspiracy,* 72 HARV.L.REV. 920, 930 (1959) ("Clearly, [the illegal object] cannot be the object unless it is known to both parties"); *Yates v. United States,* 354 U.S. 298, 329–31, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957), *overruled on other grounds by Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Andolschek,* 142 F.2d 503, 507 (2d Cir.1944) ("the scope of the agreement actually made always measures the conspiracy ... [A criminal defendant must be aware of] the common purposes as he understands them ... [and] must accept them and their implications, if he is to be charged with what others may do in execution of them"). *Cf. United States v. Messerlian,* 832 F.2d 778, 794 (3d Cir.1987) (upholding jury instruction on conspiracy to obstruct grand jury charge that "authorized the jury to convict if the federal proceeding was *foreseeable to the conspirators* and they willfully agreed to engage in certain activities that they knew and intended would obstruct justice in the anticipated federal proceeding should it actually commence in the future")

(emphasis added), *cert. denied,* 485 U.S. 988, 108 S.Ct. 1291, 99 L.Ed.2d 501 (1988); *United States v. Perlstein,* 126 F.2d 789, 795 (3d Cir.), *cert. denied,* 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752 (1942) ("We can see no reason why persons who conspire together to obstruct justice in a proceeding before a United States Commissioner or in a district court *which they expect and fear will be instituted* should not incur the penalties" under the conspiracy statute) (emphasis added). It would be nonsensical to say that defendants could agree to obstruct a congressional investigation if either of them had no idea that such an investigation was foreseeable or was imminent.

■ While defendants therefore are correct that the government *at trial* must prove that the congressional investigation was foreseeable *to defendants* at the time they entered into the conspiratorial agreement, that is not a basis for dismissal of the Section 1505 object of the conspiracy. The Superseding Indictment adequately alleges that the investigation was "reasonably foreseeable." The precise scope of the agreement and what defendants knew at the time they entered into the agreement are matters of fact for the jury. *Cf. United States v. Tarantino,* 846 F.2d 1384, 1391 (D.C.Cir.) (existence of single or multiple conspiracies is primarily question of fact for jury), *cert. denied,* 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988).

### C. The Pleading Defect

■ The Superseding Indictment suffers from a flaw of a seemingly technical but nevertheless fatal nature: the agreement into which defendants allegedly entered was not illegal with respect to the Section 1505 object of the conspiracy. As noted, the Superseding Indictment alleges that defendants agreed "corruptly to obstruct the due administration of the law under which an inquiry is being conducted." The actual language of Section 1505, however, refers not to "the due administration of the law" but to "the due and

proper exercise of the power of inquiry under which any inquiry or investigation is being had" by either House of Congress or any of its committees. *See* 18 U.S.C. § 1505. As charged, therefore, the "offense" defendants allegedly agreed to commit in fact is not an offense, that is, the Superseding Indictment fails properly to allege that defendants agreed to commit a violation of Section 1505.

The government acknowledges that Congress does not "administer" laws and that the defendants did not agree to commit a Section 1505 offense if they agreed "corruptly to obstruct the due administration of the law under which an inquiry is being conducted, that is, a congressional investigation." *See* Superseding Indictment at 30. It argues, however, that the statutory citation to Section 1505 in Count 18 is sufficient to provide defendants with notice of the offense of which they are charged. The problem with this argument is that the Sixth Amendment right to fair notice is not the only constitutional right protected by an indictment. An indictment also serves to protect a defendant's Fifth Amendment right to have a grand jury consider and find all elements of an offense. *See Russell v. United States*, 369 U.S. 749, 760, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United States v. Hooker*, 841 F.2d 1225, 1230 (4th Cir.1988) (en banc). While the citation to Section 1505 may be constitutionally sufficient to give fair notice of what is charged here, it provides no assurance that the grand jury in fact found all essential elements of the conspiracy offense with respect to the Section 1505 object of the conspiracy. Defendants' motion therefore must be granted, *see United States v. Hooker*, 841 F.2d at 1230, and the Section 1505 object of the conspiracy and all references to the congressional investigation must be stricken from Count 18.[5] An Order consistent with this Opinion shall be issued this same day.

SO ORDERED.

5. Of course, nothing in the Court's ruling today prevents the government from seeking a second superseding indictment properly

---

*ORDER*

For the reasons stated in the Opinion issued this same day, it is hereby

ORDERED that defendants' Motion No. 5, to dismiss those portions of Count 18 of the Superseding Indictment relating to allegations of conspiracy to obstruct a congressional investigation in violation of 18 U.S.C. §§ 371 and 1505, is GRANTED; and it is

FURTHER ORDERED that all allegations related to obstruction of a congressional investigation are stricken from Count 18 of the Superseding Indictment.

SO ORDERED.

charging defendants with a conspiracy to violate Section 1505. *See United States v. Hooker*, 841 F.2d at 1232–33.