OPINION
On March 23, 2000, the Delaware County Grand Jury indicted appellant, Scott Spriggs, on three counts of theft in violation of R.C. 2913.02(A)(1), two counts of conspiracy to commit kidnapping in violation of R.C.2923.01(A)(1) and R.C. 2905.01(A)(2), two counts of conspiracy to commit aggravated robbery in violation of R.C. 2923.01(A)(1) and R.C.2911.01(A)(3) and three counts of aggravated murder in violation of R.C.2903.01(B). Said charges arose from an incident wherein one Jason Bell was driven to Columbus in his own vehicle and was subsequently beaten and murdered in a hotel room. Named as a co-conspirator was T. William Ellis.
On August 30, 2000, appellant pled guilty to one count of theft of a firearm in violation of R.C. 2913.02(A)(1), one count of theft of a bank debit card in violation of R.C. 2913.02(A)(1), one count of conspiracy to commit kidnapping in violation of R.C. 2923.01(A)(1) and R.C.2905.01(A)(2), one count of conspiracy to commit aggravated robbery in violation of R.C. 2923.01(A)(1) and R.C. 2911.01(A)(3) and one count of aggravated murder in violation of R.C. 2903.01(B). Appellant also pled guilty to a firearm specification attached to the aggravated murder count. The remaining counts were dismissed. By judgment entry filed November 21, 2000, the trial court sentenced appellant to an aggregate term of twenty years to life plus three years mandatory for the firearm specification. The aggregate sentence included a three year term for the conspiracy to commit kidnapping count and a seven year term for the conspiracy to commit aggravated robbery count, ordered to be served consecutively with each other and the other sentences.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF SCOTT SPRIGGS BY ENTERING JUDGMENTS AND SENTENCES OF CONVICTION ON TWO COUNTS OF CONSPIRACY, IN VIOLATION OF R.C. 2923.01(F) AND THE PROTECTIONS PROVIDED BY THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 I
Appellant claims the trial court erred in sentencing him to two consecutive sentences for conspiracy. Appellant argues there was but one single agreement to commit the crimes charged or, in the alternative, the crimes were part of a continuous conspiratorial relationship. We agree in part.
R.C. 2923.01 governs the offense of conspiracy. Subsection (F) states "[a] person who conspires to commit more than one offense is guilty of only one conspiracy, when the offenses are the object of the same agreement or continuous conspiratorial relationship." Further, in Statev. Childs (2000), 88 Ohio St.3d 558, the Supreme Court of Ohio gave guidance to sentencing courts when considering multiple offenses perpetrated by conspirators.
The first part of the analysis is whether the crimes charged are allied offenses of similar import. Appellant concedes the crimes of kidnapping and aggravated robbery are not allied offenses of similar import. Statev. Logan (1979), 60 Ohio St.2d 126 . However, appellant argues there was but one agreement of the conspiracy: to steal Mr. Bell's vehicle; all the other criminal acts were done in furtherance of this single agreement.
The second part of the analysis looks to R.C. 2923.11(F) quoted supra. In Childs at 562, the Supreme Court of Ohio found the application of this provision "requires a determination as to (1) whether the offenses are the object of the same agreement, and (2) whether the offenses are part of a continuous conspiratorial relationship. If either circumstance exists, the offenses constitute one conspiracy and may not be separately punished."
The first question then is whether the evidence supports the existence of one or multiple agreements. "[W]here the evidence reveals one agreement, that `agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.'" Childs at 562, quoting Braverman v.United States (1942), 317 U.S. 49, 53. This of course must be done with any analysis of the facts. No trial was held sub judice, but during the extensive and thorough plea and sentencing hearing, the trial court delved into the particulars of each criminal offense. Appellant stated the original agreement was "just to take his [the victim's] car." T. at 40. Appellant explained "[w]e were going to drop him [the victim] off someplace in Columbus" and "physically remove him from Delaware County." T. at 40. Appellant and Mr. Ellis managed to drive the victim's vehicle along with the victim to Columbus seemingly with the victim's approval. T. at 44. Once in Columbus, they drove around for an hour and rented a hotel room. T. at 43. All three proceeded into the room and appellant and Mr. Ellis began talking because "we did not know what to do" "we were not sure what to do at that time. We brought the duct tape and the duffel bag in with us." T. at 46. Inside the duffel bag was a firearm. T. at 47. Appellant carried the duffle bag into the hotel room. T. at 47. Appellant again stated "we proceeded to talk, we didn't know what to do with him." T. at 47.
It is clear from this colloquy with the trial court that there were two separate agreements. The first one being just to take the victim's vehicle and leave him stranded in Columbus and the second plan hatched in the hotel room to bind and assault and kill the victim. There was other evidence that before leaving Delaware County, appellant and Mr. Ellis discussed the weapons and doing something to the victim. T. at 63.
Having determined that in fact there were two agreements, the inquiry now advances to whether the conspiracy embraces a common and continuous goal la Childs. Were there sub-agreements toward a common overriding objective? Was there a "common plan or scheme to achieve a common, single, comprehensive goal?" Childs at 563, quoted from Commonwealth v.Troop (1990), 391 Pa. Super. 613, 623.
Prior to the assault upon the victim, Mr. Ellis accomplished the immediate goal of the first agreement that is, gaining control over the vehicle and kidnapping the victim by taping his feet and his mouth. T. at 47-48. Appellant taped his hands. T. at 48. Having obtained this first objective, Mr. Ellis hit the victim in the back of the head with a firearm and choked him with the strap of the duffel bag causing the victim's death. T. at 49-56. Appellant hit the victim on the side of the head. T. at 49-50. The beating and choking that caused the victim's death occurred after the second agreement of the conspirators as they brought the firearm in the duffle bag into the hotel room. The victim, a mentally disabled person, was easily subdued and tied up before the second act of murder was predicated upon him.
From our review of the indictments, we find the conspiracy to commit kidnapping and the conspiracy to commit aggravated robbery were one and the same "common, single, comprehensive goal" i.e., stealing the victim's vehicle. The count in the indictment for the murder of the victim pertains to the second act of conspiracy which has a different "common, single, comprehensive goal." Therefore, pursuant to Childs, we conclude the two sentences for the counts of conspiracy (kidnapping and aggravated robbery) should be run concurrently with each other, but consecutively to the murder count.
The sole assignment of error is granted in part.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part, reversed in part and remanded to said court to adjust the sentence consistent with this opinion. Costs to appellee.
FARMER, J., GWIN, P.J. and BOGGINS, J. concur.