[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-11686
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02408-CV-T-27TGW

KENNETH MEYER FORTNER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 25, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Meyer Fortner, a Florida state prisoner proceeding pro se, appeals

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, claiming

that his convictions violated double jeopardy principles.    We have granted

Fortner's motion for a certificate of appealability on the following issue only: "Whether [Fortner's] convictions and sentences on two counts of conspiracy to traffic in cocaine violated the Double Jeopardy Clause," pursuant to Braverman v. United States, 317 U.S. 49 (1942). On appeal, Fortner argues that: (1) he was entitled to a decision by a three-judge, and not a two-judge, panel concerning his request to expand the COA; and (2) his two conspiracy convictions violated the Double Jeopardy Clause. After careful review, we affirm.

We review de novo a district court's denial of a § 2254 habeas corpus petition. Conklin v. Schofield, 366 F.3d 1191, 1199 (11th Cir. 2004). Where a claim was adjudicated on the merits in state court, federal courts may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As we have explained in Putman v. Head, "[t]he 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." 268 F.3d 1223, 1241 (11th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 404-05 (2000)).

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with

materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.

A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. . . . [or] unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.

Id. (citations omitted).

As an initial matter, we reject Fortner's claim that he was entitled to a three-judge, rather than a two-judge, panel to decide his motion for reconsideration and request for expansion of the COA. "A party may file only one motion for reconsideration with respect to the same order. Likewise, a party may not request reconsideration of an order disposing of a motion for reconsideration previously filed by that party." 11th Cir. R. 27-3. Eleventh Circuit Rule 27-3 forecloses Fortner from essentially requesting reconsideration of an order denying his original motion for reconsideration, so we will not consider his arguments in that request.[1]

We also find no merit in Fortner's argument that his two conspiracy convictions violated the Double Jeopardy Clause, under Braverman, because they

---

[1] In addition, while Fortner cites Hodges v. Att'y Gen., State of Florida, 506 F.3d 1337 (11th Cir. 2007), for its suggestion that a three-judge panel would have heard the petitioner's motion for reconsideration of his request for expansion of a COA, that statement was only in dicta, as the petitioner there had not in fact made such a motion. In addition, Eleventh Circuit Rule 27-1(d) gives a single judge authority to "act upon any request for relief that may be sought by motion, except to dismiss or otherwise determine an appeal or other proceeding."

3

were part of a single agreement. The Double Jeopardy Clause of the U.S. Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects defendants in three situations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Jones v. Thomas, 491 U.S. 376, 380-81 (1989).

"Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes." Braverman, 317 U.S. at 53. In Braverman, the defendants were charged with seven counts of conspiracy based on violating seven different internal revenue statutes. The Supreme Court reversed, holding that a single agreement with multiple objectives involving separate substantive offenses is a single conspiracy punishable only once under a single conspiracy statute. Id. at 50-54.

While "[a] single agreement to commit several crimes constitutes one conspiracy . . . , multiple agreements to commit separate crimes constitute multiple conspiracies." United States v. Broce, 488 U.S. 563, 570-71 (1989). In Broce, the defendants were charged with rigging two separate sets of bids for state highway contracts, and pleaded guilty to two counts of conspiracy. Id. at 565-66. After

4

another court, trying a different group of defendants, had ruled that the rigged bids were part and parcel of a single conspiracy, the Broce defendants mounted a collateral attack on their second conviction. Id. at 567. The Supreme Court concluded that "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Id. at 569. Consequently, the defendants' guilty pleas foreclosed any opportunity to revisit the factual predicate upon which their convictions rested. See id. at 571 ("When respondents pleaded guilty to two charges of conspiracy on the explicit premise of two agreements which started at different times and embraced separate objectives, they conceded guilt to two separate offenses."). In discussing double jeopardy the Court noted that "the gist of the crime of conspiracy . . . is the agreement to commit one or more unlawful acts." Id. at 570 (alternations and quotations omitted).

Applying this case law, the Florida state court's decision was not contrary to, nor an unreasonable application of, clearly established federal law.[2] Unlike in Braverman -- where the defendants entered into one agreement and were charged

_____

[2] The state court's decision is entitled to deference under the AEDPA because it was an adjudication on the merits, even though the state court did not give an explanatory opinion. See Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1347 (11th Cir. 2005) ("Even a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)."). Moreover, in his state court pleadings, Fortner identified Braverman as the controlling law governing double jeopardy claims in a conspiracy context.

with seven different conspiracies for violating seven different internal revenue statutes, see 317 U.S. at 52-54 -- the evidence at Fortner's trial demonstrated two separate agreements for the delivery and sale of cocaine. The first agreement was entered into on the morning of August 20, 1997, when Fortner and Tracy Gauthier sold John Carlson two ounces of cocaine, and was completed when Carlson paid Fortner $1,800 for those two ounces on the afternoon of August 20, 1997. The second agreement took place when Fortner and Gauthier agreed to purchase four additional ounces of cocaine for delivery and sale to Carlson on the afternoon of August 20, 1997. One agreement was for the purchase of two ounces of cocaine, and the second agreement was for the purchase of four ounces of cocaine.

Because Fortner entered into two agreements rather than one, his case is distinguishable from Braverman, and as a result, Fortner's conviction for two conspiracy counts was not "contrary to" clearly established federal law. Putnam, 268 F.3d at 1241. Further, because "multiple agreements to commit separate crimes constitute multiple conspiracies," see Broce, 488 U.S. at 571, the state court did not unreasonably interpret the Double Jeopardy Clause by concluding that Fortner entered into two separate agreements to purchase and then sell two different amounts of cocaine. In short, a deferential review of the state court's decision shows that the state court's decision was neither contrary to, nor an

6

unreasonable application of, clearly established federal law, and Fortner is not entitled to relief.

**AFFIRMED**.