**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2419
_____

UNITED STATES OF AMERICA

v.

MICHAEL RINALDI,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 3-18-cr-00279-002
District Court Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 20, 2022

Before: CHAGARES, *Chief Judge*, McKEE,[*] and PORTER, *Circuit Judges*

(Opinion filed: April 21, 2023)

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

_____

[*] Judge McKee assumed senior status on October 21, 2022.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Rinaldi appeals his conviction and the sentence following his conviction for conspiracy to traffic heroin. For the following reasons, we will affirm.[1]

# I.[2]

## A. Sufficiency of the Evidence

Rinaldi argues that the evidence presented at trial was insufficient to sustain his conspiracy conviction. In reviewing a challenge to the sufficiency of evidence supporting a jury verdict, we apply a "'particularly deferential' standard of review."[3] "[W]e will affirm the verdict if '"any rational juror" could have found the challenged elements beyond a reasonable doubt, viewing the evidence in the manner that is most favorable to the government. . . .'"[4]

Rinaldi cannot meet this high bar. The evidence presented included extensive testimony from Rinaldi's co-conspirators, testimony from DEA agents, and recorded conversations—all of which, when viewed in the light most favorable to the government, would allow a rational juror to find beyond a reasonable doubt that Rinaldi conspired to traffic heroin.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] In addition to the arguments mentioned below, Rinaldi also argues that the District Court erred in closing the courtroom during jury selection. The contention is specious and does not merit discussion. The trial judge made a factual determination, based on his own observations, that the courtroom had been open. He emphasized that he had made no statement or order to close the courtroom. Moreover, the judge had been in the courtroom during the jury selection process and had personally witnessed non-prospective jurors coming and going.

[3] *United States v. Gonzalez*, 905 F.3d 165, 179 (3d Cir. 2018) (citing *United States v. Peppers*, 302 F. 3d 120, 125 (3d Cir. 2002)).

[4] *Id.* (citing *United States v. Cothran*, 286 F. 3d 173, 175 (3d Cir. 2002)).

## B. The Jury Instructions

Rinaldi further contends that the District Court erred by giving supplemental instructions on the conspiracy count during jury during deliberations.

The Court answered the jury's questions on the conspiracy count and referred the jury to the relevant portions of the original instructions. Rinaldi fails to identify any legal flaw in these instructions, and we find none. Furthermore, the District Court took its instructions almost verbatim from the Third Circuit Model Instruction 6.18.371C.[5]

## C. The Sentence

Rinaldi also argues that the District Court erred by basing his sentence on acquitted conduct. The argument is also frivolous as he was convicted on all counts.[6] Moreover, the Supreme Court has held "that a sentencing court may consider conduct of which a defendant has been acquitted."[7]

## D. The District Court's Evaluation of Evidence at Sentencing

---

[5] *See* Third Circuit Model Instruction 6.18.371C.

[6] In Count 1, Rinaldi was charged with conspiracy to distribute and possess with intent to distribute controlled substances. The jury addressed Count 1 in its answer to Interrogatory 1 and only found Rinaldi guilty with respect to heroin, but not the three other controlled substances listed on the verdict sheet. Rinaldi ostensibly argues that he was acquitted with respect to these three substances. Rinaldi misunderstands the law. He was convicted of conspiracy, which does not require that he be found guilty of every alleged substantive offense that could be a part of the conspiracy. "[T]he crime of conspiracy is [a] separate and distinct [offense] from the related substantive offense." *United States v. Rigas*, 605 F.3d 194, 209 (3d Cir. 2010) (en banc) (citing *United States v. Dansker*, 537 F.2d 40, 51 (3d Cir.1976) (alteration in original). "Whether the object of a single agreement is to commit one or many crimes, it is in either case that *agreement* which constitutes the conspiracy which the statute punishes." *Id.* (citing *Braverman v. United States*, 317 U.S. 49, 53 (1942)) (emphasis added).

[7] *United States v. Watts*, 519 U.S. 148, 154 (1997).

Rinaldi asserts that the District Court erred by failing to review the record and independently apply the preponderance of the evidence standard in calculating his sentence. "'[W]e review the District Court's interpretation of the Sentencing Guidelines *de novo*,' its 'findings of fact for clear error[,]' and its 'application of the Guidelines to facts for abuse of discretion.'"[8]

To the extent that this assertion can be understood, it is clearly meritless. As noted above, the defendant was convicted on all counts. The trial court did not deviate from that verdict in reaching any conclusion underlying the sentence and Rinaldi's suggestion to the contrary is frivolous. There was no clear error.

### E. The Sentencing Calculation

Finally, Rinaldi argues that the District Court erred in applying a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guidelines § 3C1.1. We review the District Court's application of an enhancement under a deferential abuse-of-discretion standard.[9]

Rinaldi argues that his actions were not willfully obstructive. However, after he revealed the identity of a confidential source in an affidavit, that source refused to testify at trial. Commentary on § 3C1.1 explicitly notes that "threatening, intimidating, or otherwise unlawfully influencing a . . . witness" amounts to obstruction of justice.[10] The

---

[8] *United States v. Metro*, 882 F.3d 431, 437 (3d Cir. 2018) (citing *United States v. Kluger*, 722 F.3d 549, 555) (3d Cir. 2013) (alterations in original).
[9] *Gall v. United States*, 552 U.S. 38, 51 (2007).
[10] U.S.S.G. § 3C1.1.

District Court, therefore, did not abuse its discretion by inferring that the sudden recalcitrance of the confidential source was something other than a coincidence.

## II.

For the reasons set forth above, we will affirm the District Court.