UNITED STATES of America,
Plaintiff—Appellee,

v.

Thomas Edward WILLIAMS,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Roxie Nadine Carroll, Defendant—
Appellant.

Nos. 02–50316, 02–50326.

D.C. Nos. CR–00–00722–FMC–
7, CR–00–00722–FMC–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2003.

Decided Aug. 6, 2003.

Before NOONAN, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Thomas Edward Williams and Roxie Nadine Carroll[1] appeal their judgments of conviction and sentences on conspiracy charges, in violation of 18 U.S.C. § 371, as well as multiple counts of mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343 (Williams only), bank fraud, in violation of 18 U.S.C. § 1344 (Williams only), and false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Carroll only). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ Although the indictment is concededly "muddy," it can be fairly read as charging one conspiracy with multiple objects: the violation of each of the substantive fraud offenses charged. *Cf. United States v. Bauer*, 84 F.3d 1549, 1560–61 (9th Cir.1996). Appellants'[2] preferred reading—that the conspiracy had only two objects, the first of which was to violate *all* of the substantive fraud statutes together, and the second was to engage generally in a "scheme" to commit real estate fraud—is nonsensical. Thus, the jury instructions informing the jurors that they needed to find only "a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy" was not an abuse of discretion. *United States v. Stapleton*, 293 F.3d 1111, 1114 (9th Cir.2002). Neither *Kotteakos v. United States*, 328 U.S.

750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), nor *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), affects this analysis. Under the former, multiple separate conspiracies may not be charged as a single conspiracy, *see Kotteakos*, 328 U.S. at 767–68, and under the latter, a single conspiracy with multiple objectives may not be charged as multiple conspiracies, *see Braverman*, 317 U.S. at 52–54. Neither factual scenario is apposite as it is undisputed that a single conspiracy was properly charged.

■ Nor did the district court abuse its discretion in the use of the word "scheme" in the instructions. First, the word "scheme" could not have confused the jury between the conspiracy in general and the real estate fraud "scheme" that was its second object, because this challenge rests upon Williams's inaccurate reading of the indictment. Second, Appellants' claim that the jury may have been confused by the use of "scheme" as a synonym for "conspiracy" in the conspiracy instructions, and its subsequent use in the context of the "scheme to defraud" element of the substantive fraud offenses is misplaced; the two concepts, though legally distinct, are " 'analogous.' " *See Stapleton*, 293 F.3d at 1116–17 (quoting *United States v. Lothian*, 976 F.2d 1257, 1262–63 (9th Cir.1992)) (patterning jury instructions for "scheme to defraud" on model jury instructions for conspiracy is not abuse of discretion). Specifically, the same principles of vicarious liability for the acts of co-conspirators

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. These appeals are ordered consolidated for purposes of disposition.

2. We exercise our discretion under Federal Rule of Appellate Procedure 2 to allow Appellants to join in the jury instruction challenges in each others' and co-defendant Donald Carroll's briefs. *Cf. United States v. Mkhsian*, 5 F.3d 1306, 1310 n. 2 (9th Cir.1993), *overruled on other grounds by United States v. Keys*, 133 F.3d 1282, 1287 (9th Cir.1998) (en banc).

apply to schemes to defraud when such schemes involve more than one person. *See id.* at 1117–19 & n. 4 (citing *Pinkerton v. United States,* 328 U.S. 640, 645–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

 Nor did the district court abuse its discretion in formulating the jury instructions regarding the level of knowledge and participation required to convict for conspiracy. Contrary to Appellants' assertion, there is no tension between an instruction stating that a conspirator need not have full knowledge of the details of the conspiracy, and another instruction stating that he must nevertheless know of its fraudulent nature. *See United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001); *United States v. Ciccone,* 219 F.3d 1078, 1084 (9th Cir.2000). Furthermore, the jury was properly instructed that a person does not become a conspirator by simply associating with conspirators or knowing that a conspiracy exists, but rather must agree to participate in the conspiracy. *See United States v. Estrada–Macias,* 218 F.3d 1064, 1066 (9th Cir.2000). Once such an agreement is shown, even a "slight connection" between himself and the conspiracy is sufficient for conviction. *See United States v. Restrepo,* 930 F.2d 705, 709 (9th Cir.1991).

**AFFIRMED.**