**UNITED STATES of America, Appellee,**

v.

**Donald E. LUKENS, Appellant.**

**No. 96–3075.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 21, 1997.

Decided June 3, 1997.

Harvey J. Volzer, Pittsburgh, PA, argued the cause and filed the brief, for appellant.

William J. Corcoran, Senior Counsel, United States Department of Justice, Washing-

ton, DC, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, Washington, DC, was on the brief.

Before GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Donald Lukens appeals from a judgment of conviction of one count of bribery and one count of conspiracy to engage in bribery. He contends that the district court erred in admitting evidence relating to bribery charges on which he had previously been acquitted. We reject his argument and affirm his convictions.

## BACKGROUND

Appellant Donald Lukens is a former United States Congressman from Ohio. In February 1995, he was charged in a five-count indictment. Count 1 charged him with conspiracy to accept bribes while acting as a public official. Counts 2–5 charged him with accepting bribes on certain specific dates. The case was tried before a jury in October 1995. The jury returned a verdict of not guilty on counts 3–5 and announced that it was unable to reach a verdict as to counts 1–2. The district court declared a mistrial as to counts 1–2.

In March 1996, another indictment was filed, recharging Lukens with the two counts on which the first jury was unable to reach a verdict. At this second trial, the prosecution presented evidence relating to the payments to Lukens that had been the basis for counts 3–5 of the original indictment. As it had in the first trial, the government contended that the payments in question were overt acts in furtherance of the conspiracy charged in Count 1. Lukens objected to this at trial. He claimed that the first jury's acquittal of him on counts 3–5 collaterally estopped the government from presenting evidence at the second trial of the payments that formed the basis of those counts. The district court rejected his argument and admitted the evi-

dence. Lukens makes the same argument on appeal.

The events giving rise to the indictments took place in 1990. In that year Congressman Lukens cashed four checks from John Fitzpatrick and one check from Henry Whitesell. Fitzpatrick and Whitesell were officials at the Cambridge Technical Institute ("CTI"), an educational institution in Ohio that the United States Department of Education was investigating at the time the checks were cashed. Lukens claimed at trial that these checks were given to him to help his struggling re-election campaign. The government claimed that the checks were bribes to get Lukens to attempt to persuade the Department of Education to cease its investigation of CTI.

## ANALYSIS

Lukens's argument is simple. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. *Ashe v. Swenson,* 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), holds that the Double Jeopardy Clause incorporates the doctrine of collateral estoppel. In order to prevail on a double jeopardy collateral estoppel motion a defendant must establish that the "issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990). Lukens argues that when the first jury acquitted him of Counts 3–5 it "actually decided" that he had not conspired to accept bribes in June, August, and September 1990. The government therefore should have been collaterally estopped from using evidence of those payments at Lukens's second trial.

We disagree. Lukens has not "demonstrate[d] that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Dowling,* 493 U.S. at 350, 110 S.Ct. at 673; *United States v. Vaughn,* 80 F.3d 549, 551 (D.C.Cir.1996).

The jury in the first trial acquitted Lukens of the bribery charges in Counts 3–5. That

jury therefore "actually decided" only that as to these payments the government was not able to prove all of the elements of the bribery charge beyond a reasonable doubt. We cannot say for certain which part of the charge the jury believed the government did not adequately prove. Looking at the evidence that was presented in the case, however, it is clear that the jury did not base its finding on a belief that the payments were never made. Lukens admitted that the payments were made, but claimed that they were loans rather than bribes. *See Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194 ("Where a previous judgment of acquittal was based upon a general verdict ... a court [must] examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.") (internal quotations omitted).

 The government's use of the evidence of the three payments in the second trial was not inconsistent with the first jury's findings. The government was not relitigating the question whether the payments were independently illegal. It argued rather that these payments were overt acts in furtherance of the charged conspiracy. It also used the evidence to establish the background pattern of the relationship between Lukens and his alleged co-conspirators. An act need not be independently illegal in order to qualify as an overt act for the purposes of a conspiracy charge. *Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942) ("The overt act, without proof of which a charge of conspiracy cannot be submitted to the jury, ... need not be itself a crime."); *United States v. Tarantino,* 846 F.2d 1384, 1404 (D.C.Cir.) ("Clearly many acts that are by themselves perfectly legal may constitute overt acts manifesting participation in an illegal conspiracy."), *cert. denied,* 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988). It need only be an "act to effect the object of the conspiracy." 18 U.S.C. § 371. The first jury never decided that the payments in question did not satisfy this definition. The district court did not err, therefore, in admit-

ting evidence of those payments in the second trial. *See United States v. Irvin,* 787 F.2d 1506, 1514–16 (11th Cir.1986) (allowing acquitted conduct to be used as evidence of overt act for conspiracy charge); *United States v. Garza,* 754 F.2d 1202, 1209 (5th Cir.1985) (same).

### CONCLUSION

For the forgoing reasons, we reject Lukens's collateral estoppel argument and affirm his convictions.