**UNITED STATES of America**

v.

**Kinley W. HOWARD, Defendant.**

**No. CR. 02–0079(RBW).**

United States District Court,
District of Columbia.

May 21, 2003.

Judith L. Kozlowski, U.S. Attorney's Office, Washington, DC, for the Government.

Harvey Joseph Volzer, Washington, DC, for Defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

Currently before the Court is the defendant's motion for a judgment of acquittal, a new trial, or in the alternative a reduction in his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The motion was initially submitted to the Court by way of a personal letter written by the defendant ("Def.'s Letter").[1] The letter was dated December 28, 2002, it is postmarked December 31, 2002, and it was actually received by the Court on January 3, 2003. The submission of the letter re-

sulted in the Court issuing an order on February 5, 2003,[2] which directed defendant's attorney to file a pleading that would supplement the contentions raised by the defendant in his letter. The supplemental pleading filed by counsel, which is entitled a Motion for a New Trial or Reduction in Sentence ("Def.'s Mot."), was filed on February 24, 2003.

█ As a preliminary matter the Court must first address whether it has jurisdiction to consider the merits of the defendant's challenges. This inquiry is required because on December 16, 2002, the defendant filed a notice of appeal in the Circuit Court. And, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Despite this general rule, it is clear that this Court has jurisdiction to entertain the defendant's motion for reconsideration, to the extent it pertains to his request for a correction of his sentence. Pursuant to Federal Rule of Appellate Procedure 4(b)(5), "the filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a) ..." In addition, the Court has jurisdiction to reconsider its prior denial of defendant's request for a new trial so long as it is based on a claim of

---

1. The defendant wrote a letter addressed to the Court on December 28, 2002, in which he requested that the Court "set aside [his] guilty verdict[ ][or][a]s [sic] a minimum ... decrease [his] sentence to time served and send [him] home until an appeal [sic] court can address the above information plus additional facts that never was [sic] presented during [his] initial trial." Letter from Kinley W. Howard dated December 28, 2002 ("Def.'s

Letter"). This letter was later supplemented by a Motion for a New Trial or Reduction in Sentence ("Def.'s Mot.") filed by defendant's counsel on February 24, 2003.

2. Also on this date, the Court issued its Memorandum Opinion denying the defendant's motion for judgments of acquittal or a new trial.

newly discovered evidence. *See Smith v. Pollin*, 194 F.2d 349, 350 (D.C.Cir.1952) (holding that when a motion for a new trial is made on the basis of newly discovered evidence, "the proper procedure is for [the appellant] to file his motion in the District Court. If [this] court indicates that it will grant the motion, the appellant should then make a motion in th[e] [Circuit Court] for a remand of the case in order that the District Court may grant the motion for a new trial."); *United States v. Phillips*, No. CIV.A. 91–69303, 1994 WL 35876, at *1 (D.D.C. Jan. 26, 1994) (district court ordered government to file a pleading addressing the merits of defendant's motion for a new trial on the basis of newly discovered evidence although defendant filed his motion for a new trial after filing a notice of appeal). However, to the extent that the defendant's motion raises other challenges, the Court is without jurisdiction to consider them.

**A.  Request for a New Trial**

██  Rule 33 provides that the trial court may, upon motion by the defendant "vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). There are two requirements that control when requests must be filed by the defendant: In the case of newly discovered evidence, the defendant must file his motion "within 3 years after the verdict, or finding of guilty[,]" while a motion for a new trial based "on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." Fed. R.Crim.P. 33(b)(1). The government contends that the defendant's request for a new trial was filed "out of time" pursuant to the requirements of Federal Rule of Criminal Procedure 33. Government's Response and Opposition to Defendant's

Motion for a New Trial or Reduction in Sentence ("Gov.'s Opp'n") at 4. The government argues that "[t]hese time limits are jurisdictional[ ]" and because the defendant's motion "was not based on newly discovered evidence" it was not submitted timely because it was not filed within the 7 days. Gov.'s Opp'n at 4 & n. 1. In his reply, defendant's counsel states that the defendant's motion is timely because it was filed in accordance with the Court's scheduling orders issued on September 9, 2002, and February 5, 2003. Defendant's Reply to Government's Opposition to His Motion for a New Trial or Reduction in Sentence ("Def.'s Reply") at 2.

██  The Court must determine whether the defendant's request concerns newly discovered evidence because, if it does not, then the Court is without jurisdiction to consider the merits of defendant's challenge. If it does, then the defendant has timely filed its motion as he has done so "within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). To be entitled to a new trial based on newly discovered evidence, a defendant must satisfy five conditions:

> (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal.

*United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C.Cir.1993) (citing *Thompson v. United States*, 188 F.2d 652, 653 (D.C.Cir. 1951) (other citations omitted)). None of the allegations made by the defendant satisfy the first prong of the *Lafayette* test. In his letter, defendant recounts various

facts and circumstances that he states his counsel failed to divulge during the trial. There is nothing in the letter which indicates that this information was recently discovered by the defendant; rather the letter discusses "other details and facts that never came up" during the defendant's trial. Def.'s Letter at 4. This does not constitute newly discovered evidence. *See, e.g., United States v. Gloster*, 185 F.3d 910, 915 n. 4 (D.C.Cir.1999) ("[The newly proffered statements] are neither newly discovered nor newly available. Rather, they are simply newly proffered, having been intentionally withheld as a result of the defense's tactical calculations. Events may have turned those calculations into miscalculations, but that is insufficient to save the proffered evidence from failing the first prong of the *Lafayette* test."). For example, even the defendant's most recent allegation, *i.e.*, that "Mildred Powell is [his] biological mother[,]" Def.'s Letter at 4, cannot be characterized as "newly discovered" because the defendant states in his letter that this information was revealed to him "three of four years ago (after the deaths of Lillian and Mildred)." *Id.* at 5. Therefore, because the defendant has not submitted any newly discovered evidence to the Court in support of his position that he is entitled to a new trial, his request for relief pursuant to Rule 33 must be denied because the Court is without jurisdiction to consider his other claims.

## B. Request for a Reduction in Sentence

The Court also concludes there is no basis for granting the defendant's request for a reduction of his sentence under Rule 35. This Rule permits the Court to correct or reduce a sentence "that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). No such error is apparent to the Court.[3] Furthermore, such a correction must be done "[w]ithin 7 days after sentencing," *id.*, and the defendant did not file his motion within the 7–day period, which expired on December 17, 2002,[4] so the Court was not afforded the opportunity to act within the time allotted by the Rule. And, this Court has no authority to extend the time for filing such a challenge beyond the time allotted by the Federal Rules of Criminal Proce-

---

3. Defense counsel argues that defendant's letter should be construed as requesting a reduction in his sentence pursuant to USSG § 5K2.20 for "aberrant behavior." Def.'s Mot. at 1.

4. The government notes that although the defendant's letter "might also be construed as a [28 U.S.C.] § 2255 motion, the government urges the Court not to do so before notifying the defendant about the restrictions on filing successive § 2255 motions and giving the defendant a chance to withdraw this motion before re-characterizing this letter as a § 2255 motion." Gov.'s Opp'n at 5 n. 2 (citing *United States v. Palmer*, 296 F.3d 1135 (D.C.Cir.2002)). In *Palmer*, the circuit court held that, in light of the Antiterrorism and Effective Death Penalty Act's bar on the filing of successive habeas petitions pursuant to 28 U.S.C. § 2255, a court "may recharacterize a post-conviction motion made under another rule or law as a section 2255 motion *only if it first ensures that the movant is fully informed of section 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion.*" 296 F.3d at 1146 (emphasis added). Here, the Court declines to construe plaintiff's motion for a new trial and reduction of his sentence as a § 2255 motion because the defendant filed a Notice of Appeal with the court of appeals on December 16, 2002, challenging, *inter alia*, the sentence imposed by this Court. Thus, in the interests of justice, this Court will allow defendant to pursue his appellate remedies at this time rather than recharacterizing his Rules 33 and 35 motion as one seeking relief pursuant to § 2255, which would then preclude the defendant from seeking such relief in the future.

dure. *See* Fed.R.Crim.P. 45(b)(2) ("The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules."). *Cf. Carlisle v. United States,* 517 U.S. 416, 421, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) ("Federal Rule of Criminal Procedure 45(b) provides that whereas certain untimely acts may be accorded validity upon a showing of excusable neglect, 'the court may not extend the time for taking any action under Rul[e] 29 ... except to the extent and under the conditions stated in [the Rule].' These Rules are plain and unambiguous.... There is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal ..."); *United States v. Marquez,* 291 F.3d 23, 25 (D.C.Cir.2002), *cert. denied,* 537 U.S. 929, 123 S.Ct. 329, 154 L.Ed.2d 225 (2002) ("If the defendant fails to make a motion for a new trial within seven days and the court fails to 'fix' a new due date for the motion during that period, the court loses jurisdiction and cannot grant such a motion at a later time."). Accordingly, the Court is without jurisdiction to consider the defendant's challenge to his sentence.

For the reasons set forth above, defendant's Motion for a New Trial or Reduction in Sentence [# 80] must be denied.[5]

### ORDER

For the reasons stated in the Memorandum Opinion that accompanies this Order, it is hereby

ORDERED that defendant's Motion for a New Trial or Reduction in Sentence [# 80] is denied.

---

5. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.