UNITED STATES of America, Appellee

v.

Jack DAVIS, A/K/A Twin, Appellant.

No. 06–3046.

United States Court of Appeals,
District of Columbia Circuit.

May 9, 2007.

Rehearing En Banc Denied Aug. 3, 2007.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office, Criminal Appellate, Washington, DC, for Appellee.

· Paul Alan Goldberger, Goldberger & Dubin, P.C., New York, NY, Stacey Anne Van Malden, Law Office of Stacey Van Malden, Bronx, NY, for Appellant.

Before: SENTELLE, TATEL, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the conviction of Appellant Jack Davis be affirmed.

Appellant challenges his conviction on several grounds, none of which has merit.

■ First, appellant argues that the district court erred in denying his motion to suppress evidence found in his car because FBI agents lacked reasonable suspicion to stop the car. In his opening brief, however, he argues only that his U-turn was legal; he does not challenge the district court's finding that he failed to stop at the stop sign—a traffic violation that justified the stop. *United States v. Mitchell,* 951 F.2d 1291, 1295 (D.C.Cir.1991). Because he failed to challenge this ruling until his reply brief, appellant has waived this argument. *PDK Labs. Inc. v. DEA,* 438 F.3d 1184, 1196 (D.C.Cir.2006) (holding that an argument raised only in fact section of opening brief and in reply brief is not properly raised). Even were the issue properly raised, given the district court's opportunity to evaluate witness credibility in the first instance, we would find no error in the court's crediting the

agents' testimony that appellant failed to come to a complete stop and nearly hit their car. *See United States v. Streater,* 70 F.3d 1314, 1318 (D.C.Cir.1995) (upholding district judge's findings of fact where officers' differing testimony posed "inconsistencies ... not so glaring that the police officers' testimony must be a fabrication" (internal quotation marks and citation omitted)).

 Second, appellant argues that the district court erred by admitting evidence that he had committed a murder, a charge of which he had been acquitted. The indictment charged that, as a part of the conspiracy, appellant "knowingly and intentionally perpetrated acts of violence, including murder, against individuals who disrupted, or threatened to disrupt, the operation of the conspiracy, and in retaliation against individuals who perpetrated acts of violence against members of the conspiracy." Indictment 4–5. Given this, and given circumstantial evidence that the murder was connected to the conspiracy—namely that appellant killed someone in revenge for having robbed his brother, an alleged co-conspirator, in the same place where they dealt drugs—the district court did not abuse its discretion in admitting this evidence as intrinsic to the conspiracy charge. *United States v. Badru,* 97 F.3d 1471, 1475 (D.C.Cir.1996) ("In cases where the incident offered is a part of the conspiracy alleged in the indictment, the evidence is admissible under Rule 404(b) because it is not an 'other' crime." (internal quotation marks omitted) (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure, Evidence § 5239, at 450 (1978))). Nor does the admission of such evidence violate the Double Jeopardy Clause. *See United States v. Lukens,* 114 F.3d 1220, 1221–22 (D.C.Cir.1997) (holding that even though defendant was previously acquitted of bribery charges, Double Jeopardy Clause did not prohibit government from intro-

ducing evidence of acts of bribery in furtherance of a conspiracy because defendant made no showing that "issue whose relitigation he [sought] to foreclose was actually decided in the first proceeding" (quoting *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990))).

 Third, appellant argues that the government presented insufficient evidence of a single conspiracy because all of the government's witnesses who were involved in the conspiracy had no interactions with each other outside of their relationship with him. But viewed in the light most favorable to the government, the evidence demonstrates that appellant and his brother worked together in the drug-selling scheme, which suffices to establish a single conspiracy. *See United States v. Tarantino,* 846 F.2d 1384, 1393 (D.C.Cir. 1988) (explaining that most important factor for single conspiracy is "whether the conspirators share a common goal, such as the possession and distribution of narcotics for profit"); *United States v. Lee,* 743 F.2d 1240, 1250 (8th Cir.1984) ("The essence of a drug conspiracy is agreement by two or more persons to violate narcotics law.").

 Fourth, appellant argues that, in response to a jury query as to the standard of proof for one count, the district court erred by merely affirming that the standard was reasonable doubt, rather than re-instructing the jury that all elements of all counts must be found beyond a reasonable doubt. Because the court's initial jury instructions and its response to the query were entirely accurate, we see no abuse of discretion. *See United States v. Laing,* 889 F.2d 281, 290 (D.C.Cir.1989) (holding that court's accurate response to jury query limited to answering the query was not an abuse of discretion even though the court did not repeat its earlier, accurate, jury instructions).

Fifth, appellant argues that the district court erred in admitting a two-kilogram package of cocaine because, he claims, it was never linked to him or to the alleged conspiracy—an objection he failed to make at trial. Given the circumstantial evidence linking him to the package—namely his relationship with the woman to whom the package was addressed, who had earlier received a package of cocaine on his behalf and who saw him in the vicinity at the time the second package was delivered—the district court committed no error in admitting the evidence, much less plain error. FED. R. CRIM P. 52(b).

Sixth, appellant argues that the evidence was insufficient to show that the substance he possessed was crack (as opposed to other forms of cocaine) or that he had 1.5 kilograms of it, as the jury concluded. Based on detailed witness testimony about appellant's extensive dealings in large quantities of "crack," the evidence was sufficient for the jury to conclude that he dealt 1.5 kilograms of the drug.

Finally, appellant argues that the government, in violation of the Jencks Act, 18 U.S.C. § 3500(b), failed to produce a statement allegedly written by one of the FBI agents about an interaction with appellant. Because the record contains no evidence that the government committed a negligent or purposive act resulting in the loss of the statement, but instead shows that the government made reasonable efforts to track down the statement and informed appellant of its status, the district court did not err in finding no Jencks Act violation. *See United States v. Perry*, 471 F.2d 1057, 1063–64 (D.C.Cir.1972) (finding no Jencks Act violation where "there [was] no showing that the Government has done ... any act which has resulted in its inability to comply with an order of the court to produce the grand jury testimony"); *United States v. Thom-*

*as*, 97 F.3d 1499, 1502 (D.C.Cir.1996) ("The administration of the Jencks Act is within the good sense and experience of the district judge ... subject to the appropriately limited review by appellate courts." (alteration in original) (internal quotation marks and citation omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.