UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 4 - 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES,          )
                        )
        v.              )          Criminal Action No. 03-348 (RWR)
                        )
JACK DAVIS,             )
                        )
        Defendant.      )
                        )

## MEMORANDUM OPINION

Defendant Jack Davis filed a motion under Federal Rule of Criminal Procedure 33 for a new trial claiming that a newly conceived argument for impeaching an FBI agent's trial testimony is newly discovered evidence, and that an alleged comment by a juror months after the trial about misunderstanding the court's instructions entitles Davis to an evidentiary hearing. The government opposes Davis' motion. Because Davis has not shown that the agent's testimony is newly discovered, that he is entitled to a hearing, or that his new argument would probably result in an acquittal if a new trial were granted, Davis' motion for a new trial will be denied.

## BACKGROUND

The background of this case is fully discussed in United States v. Davis, 402 F. Supp. 2d 252, 255-58 (D.D.C. 2005), aff'd, 235 F. App'x 747 (D.C. Cir. 2007). Briefly, F.B.I. agents Kyle Fulmer and Robert Lockhart conducted a traffic stop of a vehicle Davis was driving. They found in it marijuana, PCP, and

a weapon that Davis sought to suppress. At the suppression hearing, the court credited Fulmer's testimony that the agents stopped Davis' vehicle because Davis failed to come to a complete stop at a stop sign. The motion to suppress was denied and the recovered items were admitted into evidence at trial. Id. at 256. At trial, when questioned about the same traffic stop, Fulmer first stated that Davis stopped his vehicle at the stop sign before making a U-turn. When Davis' trial counsel confronted Fulmer about the inconsistency between his suppression hearing and trial testimony, Fulmer explained that "he called a rolling stop a stop, even though it is not a full stop. Fulmer maintained that because [Davis] came to only a rolling stop and not a full stop, [Davis] had committed a traffic violation." Id. The jury convicted Davis of a narcotics conspiracy involving five kilograms or more of cocaine, 1.5 kilograms or more of crack cocaine, and .5 grams or more of pure PCP; possession of marijuana; possession with intent to distribute PCP; possession of a firearm during a drug trafficking offense; and unlawful distribution of cocaine.

Davis has moved for a new trial based on newly discovered evidence under Rule 33(b)(1). He advances a new argument about Fulmer's traffic stop testimony that he says his lawyer should have made before trial to show that Davis had come to a complete stop, that the traffic stop was thus illegal, and that the

evidence recovered at the traffic stop therefore should have been suppressed.[1] (Def.'s Mot. at 2-4.) Davis also seeks an evidentiary hearing, asserting that months after the verdict, his father encountered a juror who "expressed confusion about the conspiracy . . . and the Court's instructions regarding the definition of a conspiracy." (Id. at 4-5.)

## DISCUSSION

Under Rule 33, the "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In order for a defendant to obtain a new trial based on newly discovered evidence,

> (1) the evidence must have been discovered since the trial; (2) the party seeking the new trial must show diligence in the attempt to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) [it must be] of such nature that in a new trial it would probably produce an acquittal.

United States v. Johnson, 519 F.3d 478, 487 (D.C. Cir. 2008) (quoting United States v. Lafayette, 983 F.2d 1102, 1105 (D.C. Cir. 1993)) (brackets in original).

In order to be considered newly discovered, the evidence must have been in existence at the time of trial, Lafayette, 983

---

[1] He posits that given the distance Fulmer said he was traveling behind Davis, and assuming a certain rate of speed by Fulmer, it would have taken four seconds for Fulmer to reach Davis at the stop sign, and that Davis therefore must have come to a full and complete stop at the stop sign for four seconds.

F.2d at 1105, and "discovered since the trial." United States v. Ortiz, 136 F.3d 161, 168 (D.C. Cir. 1998). See also United States v. Dale, 991 F.2d 819, 839 (D.C. Cir. 1993) (emphasizing that because the evidence must have been discovered since trial, the "post-trial testimony of a co-conspirator who refused to testify at trial" would not be considered newly discovered); United States v. Howard, 267 F. Supp. 2d 1, 4 (D.D.C. 2003) (finding that information revealed to the defendant several years earlier "cannot be characterized as 'newly discovered'"). The decision about whether to hold an evidentiary hearing on a Rule 33 motion rests within the sound discretion of the district court. See United States v. Blackwood, Nos. 88-3113 et al., 1990 WL 78160, at *6 (D.C. Cir. June 11, 1990) (finding "that the district court did not abuse its discretion in declining to hold a hearing prior to denying the new trial motion" because the evidence was not likely to produce an acquittal at trial). A district court "may decide a motion for [a] new trial on the basis of affidavits without an evidentiary hearing." United States v. Sensi, 879 F.2d 888, 900 n.12 (D.C. Cir. 1989).

Davis argues that his new assessment of Fulmer's testimony constitutes newly discovered evidence and that his counsel "failed to properly identify and direct the Court's attention to Agent Fulmer's contradictory testimony." (Def.'s Mot. at 4.) However, "where a defendant *knows* the facts supporting his

ineffective assistance of counsel claim at the time of trial, those facts are not 'newly discovered' for the purposes of Rule 33." United States v. Torres, 115 F.3d 1033, 1037 (D.C. Cir. 1997) (affirming the district court's decision denying a new trial motion because the defendant conceded that "he knew the factual basis of his ineffective assistance claim -- the alleged language barrier between him and his lawyer -- at the time of his 1991 trial") (emphasis in original). Davis knew at trial of the factual basis for his ineffectiveness argument. He was present at trial, heard Fulmer's examination, and concedes that his trial counsel considered and cross-examined Fulmer on this specific testimony. (Def.'s Reply at 3 (stating that Davis' trial counsel was "'surprised' by the change in Agent Fulmer's testimony" and that "[r]ather than letting Agent Fulmer's testimony lie and requesting that this Court reconsider its suppression ruling, Mr. Davis' trial counsel chose to repeatedly question Agent Fulmer until Agent Fulmer, an experienced government trial witness, finally recanted his testimony"); Def.'s Mot. at 3 (stating that Davis' trial counsel sought to "presumably impeach the agent" by asking if Fulmer "recalled his testimony at the suppression hearing").) Neither Davis' new assessment of the conflicting testimony he heard, nor his disagreement with trial counsel's strategy, nor speculation about how the traffic stop occurred based on testimony readily available at trial

constitutes newly discovered evidence. See United States v. Gloster, 185 F.3d 910, 915 (D.C. Cir. 1999) (noting that defendant had a "full opportunity to question [the witness] before trial and to include whatever information he wanted in the written statement admitted into evidence" and that the omitted details were not newly discovered because "they [were] simply newly proffered, having been intentionally withheld as a result of the defense's tactical calculations").

Moreover, Davis is not entitled to a new trial on the basis of his new assessment of Fulmer's inconsistent testimony because the assessment is merely cumulative impeachment and he has not shown that "'a new trial would *probably* produce an acquittal'" on any counts. United States v. Williams, 233 F.3d 592, 593 (D.C. Cir. 2000) (emphasis in original) (quoting Thompson v. United States, 188 F.2d 652, 653 (D.C. Cir. 1951)). Davis speculates that it is "probable that the Court would have reversed its previous suppression ruling" and he would have been acquitted of the conspiracy and possession counts had trial counsel advanced Davis' newly minted argument. (Def.'s Reply at 3.) However, in denying Davis' motion for judgment of acquittal, the court has already found Fulmer's inconsistency to be only a minor one that did not warrant any reconsideration of the motion to suppress, Davis, 402 F. Supp. 2d at 260-61, and that there was sufficient evidence to sustain his challenged convictions. Id. at 258-61.

The D.C. Circuit affirmed this ruling on appeal, and noted that "given the district court's opportunity to evaluate witness credibility in the first instance, we would find no error in the court's crediting the agents' testimony that the appellant failed to come to a complete stop and nearly hit their car." Davis, 235 F. App'x at 748-49.

Davis also asserts that a claim that a juror expressed months after the trial confusion about the court's conspiracy instructions entitles him to an evidentiary hearing and a new trial. What is most telling is what Davis does not present in supporting his request for a hearing. The allegation that the father had contact with the juror is unsworn. No affidavit from the father, much less the juror, is presented. No reason for the absence of an affidavit is offered. The account reportedly comes from Davis' father, not an unrelated person. The account is wholly uncorroborated. The juror is wholly unidentified, and Davis does not even appear to know the juror's gender. (Def.'s Reply at 4 (the juror "expressed his or her confusion"), 5 ("he or she did not understand").) No support is presented for how the father purported to authenticate months after the trial that the person really was a juror in this trial. No claim is made or supported that Davis' father even attended the trial or otherwise saw the jurors while the trial was underway. No specifics are given about how many months later the encounter occurred to show

whether little or great passage of time may have affected the sharpness of memory. These circumstances weigh solidly against granting Davis' request for a hearing.

An evidentiary hearing and a new trial are also not warranted because questioning jurors about their understanding of the jury instructions would be improper. Under Federal Rule of Evidence 606(b), "[u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith." Fed. R. Evid. 606(b).[2] See also United States v. Stover, 329 F.3d 859, 865 (D.C. Cir. 2003) (stating that Rule 606(b) "prohibits jurors from giving evidence about any matter pertaining to their verdicts except extrajudicial influences"). "Allegations of inside influences on the jury[,] such as pressure among jurors, misunderstanding of instructions, a compromise verdict, or a

---

[2] A limited exception under Rule 606(b) allows juror testimony as to "1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." Fed. R. Evid. 606(b). These exceptions do not apply to Davis' argument that a juror was confused about the jury instructions.

self-imposed time limit[,] do not entitle a convicted defendant to question the jurors or trigger a hearing requiring jurors to testify about their verdict." Davis, 402 F. Supp. 2d at 265 (quoting United States v. Edelin, 283 F. Supp. 2d 8, 13 (D.D.C. 2003) (internal quotation marks omitted). For example, in United States v. Campbell, 684 F.2d 141, 151-52 (D.C. Cir. 1982), the defendants sought to set aside the verdict or to remand for an inquiry arguing that the jury verdict was not unanimous because a juror allegedly voted contrary to her own beliefs. Campbell noted that "[o]rdinarily a verdict will not be upset on the basis of a juror's post-trial report of what occurred in the course of deliberations" unless extraneous influences exerted improper influence on the verdict. Id. Because the "jury misconduct alleged in [Campbell] concerned only the discussion among the jurors and the way the jurors elected to make their decision[,]" the trial court's determination that no further inquiry was necessary was affirmed. Id. Moreover, in United States v. Vig, 167 F.3d 443 (8th Cir. 1999), the court rejected the defendant's motion for a new trial finding that a juror's comment about what the evidence showed was at worst a "misapprehension of the evidence presented[,]" and that an "[e]xamination of the method and manner in which a juror construes evidence presented during trial[] would plunge this court into the very kind of

post-verdict anatomization of a juror's thought processes that is barred by Rule 606(b)." Id. at 450.

Davis argues that the issue of confusion over the instructions "must be examined to conclude whether or not his jury properly understood court instructions and deliberated fairly and impartially[,]" particularly regarding how the jury decided what drug quantities were attributable to Davis. (Def.'s Mot. at 5.) However, inquiring into how the jurors interpreted the instructions or how they deliberated is the very inquiry into the jurors' mental processes during deliberations that Rule 606(b) forbids. See United States v. Richards, 241 F.3d 335, 343 (3d Cir. 2001) (finding that denying a motion for a new trial was not an abuse of discretion because Rule 606(b) prohibited the district court from questioning the jurors on "their thought process to determine whether or not the premature statements [by two jurors about the defendant's guilt] affected their verdict"). Davis' allegation that a juror expressed confusion about the conspiracy instructions warrants neither an evidentiary hearing nor a new trial as it is wholly unsupported and Rule 606(b) bars inquiry into the jurors' mental impressions during deliberations. See United States v. Brooks, 677 F.2d 907, 913 (D.C. Cir. 1982) (stating that because a juror's affidavit or testimony on the mental processes or thoughts that may have influenced his verdict would be inadmissible under Rule 606(b), the trial court was not

obligated to conduct an evidentiary hearing on the defendant's motion under 28 U.S.C. § 2255 to vacate his sentence).

## CONCLUSION

A new assessment of a discrepancy in Fulmer's testimony is not newly discovered evidence, and Davis has not shown that it would likely cause suppression of evidence and produce any acquittal if a new trial were granted. Nor has Davis shown any entitlement to a hearing on the claim of juror confusion. Accordingly, Davis' motion for a new trial will be denied. An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 1st day of May, 2009.

_____
RICHARD W. ROBERTS
United States District Judge