UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
         v.                               )        Criminal No. 96-0045 (PLF)
                                          )
RICO McLAUGHLIN,                          )
                                          )
              Defendant.                  )
_____)


MEMORANDUM OPINION AND ORDER

         This matter is before the Court on defendant's motion to correct his sentence

pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  Rule 35 provides for correcting

a sentence that resulted from "arithmetical, technical, or other clear error" within fourteen days of

sentencing or for reducing a sentence upon a motion by the government if the defendant has

provided substantial assistance to the government.  See FED. R. CRIM. P. 35.  Defendant moves to

correct a sentence imposed on January 28, 1997 for what he argues were substantive errors in the

Court's analysis at the sentencing.[1]

         Defendant admits that his motion is untimely under the Rule — as he must

because he filed the motion more than a decade late — and requests that the Court extend the

time for filing in the interests of justice.  See Motion to Correct at 4.  Rule 45 of the Federal

_____

         [1]       The January 28, 1997 sentence is not the sentence defendant is serving.
Following appeal and remand by the court of appeals, the Court resentenced defendant on March
30, 1999.  See Amended Judgment and Commitment, Dkt. No. 79 (D.D.C. Mar. 30, 1999).
Regardless of whether there is any basis to challenge the earlier sentence in light of the
subsequent amended judgment and commitment, the Court concludes that a motion to correct
either sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure would be time
barred.

Rules of Criminal Procedure *specifically prohibits* a court from extending the time in which a party may take action under Rule 35.  See FED. R. CRIM. P. 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule.").  As such, the Court has no authority to consider the merits of defendant's motion.  See United States v. Howard, 267 F. Supp. 2d 1, 4 (D.D.C. 2003).[2]  Accordingly, it is hereby

ORDERED that defendant's motion to correct his sentence [99] and defendant's motion for a hearing [100] are hereby DENIED.

SO ORDERED.


_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 20, 2010

---

[2]     Even if the Court had authority to consider defendant's arguments, the challenges defendant makes to his sentence are based on substantive legal argument, not "arithmetical, technical or clear error."  See FED. R. CRIM. P. 35(a).  Such challenges are more appropriately raised in a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The Court previously denied a motion pursuant to Section 2255, which presumably is why defendant adopted the current procedural approach.  See Opinion and Order, Dkt. No. 85 (D.D.C. July 24, 2007).