*327 OPINION OF THE COURT
PRATTER, District Judge.
Blaine Claxton (“Claxton”) appeals from the District Court’s denial of his motion to dismiss an indictment on double jeopardy grounds. Claxton contends that the drug conspiracies alleged in the two separate indictments are essentially the same. Because we conclude that the two conspiracies are distinct, we will affirm the District Court’s decision.
I. Background
Claxton’s appeal involves the following two indictments.
A. The Marijuana Indictment — Criminal No.2006-31
The first indictment (the “Marijuana Indictment”), returned on October 17, 2006, charged Claxton and nine co-defendants— Richard Newman, Shusta Gumbs, Randy Simon, Karl Christian, Shermaine Peters, Valencia Thomas, Adila Magras, Charles Francis and Akeem Bloodman — with Conspiracy to Possess Marijuana with Intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 846, as well as other drug related offenses. (Supplemental App. 1-15.) The indictment alleged that Claxton was the leader of a marijuana trafficking enterprise in St. Croix, Virgin Islands from September 1, 2005 to March 2006. In this capacity, Claxton utilized co-defendants Thomas and Francis, two United States Postal Service employees, to hold, track and secure marijuana sent to him by mail. They also were to help the conspirators avoid detection by law enforcement. Claxton also attempted to purchase marijuana from co-defendant Gumbs and received marijuana sent through the mail from the mainland United States by co-defendant Newman. Finally, Claxton used co-defendants Magras and Bloodman to distribute marijuana.
On June 1, 2007, Claxton pled guilty to the conspiracy charge of the Superseding Indictment and stipulated to the following factual basis for his guilty plea:
From September 1, 2005 to about November 18, 2005 in St. Croix, Defendant agreed with other co-defendants to distribute marijuana. Specifically, Defendant arranged for the receipt of approximately 3.8 kilograms of marijuana through the mail that was sent by co-defendant Richard Newman on or about September 29, 2005. Defendant also arranged for the receipt of approximately 895 grams of marijuana through the mails which was retrieved by co-defendant Charles Francis and hand delivered to Defendant. The amount of drugs involved in the conspiracy was between 2.5 kilograms and 5 kilograms of marijuana.
(Joint App. at 91-92.)
Claxton was sentenced to eight months incarceration.
B. The Cocaine Indictment — Criminal No.2006-30
The second indictment (the “Cocaine Indictment”), returned on May 19, 2009, charged Claxton and five co-defendants— Zacheaus Blake, Kalif Berry, St. Clair Li-burd, Karen Blake and Randy Simon— with Conspiracy to Possess Cocaine and Crack with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 846, along with other drug and firearm offenses. (Joint App. 67-89). The indictment alleged that Blake led a drug trafficking enterprise to distribute cocaine or convert cocaine to crack and distribute it from September 1, 2005 to February 2006 in St. Croix, Virgin Islands. In this conspiracy, Blake allegedly used the home of his sister and co-defendant Karen Blake to cook crack cocaine and store and hide cocaine powder and firearms. For his part, Clax- *328 ton allegedly stored cocaine powder for co-defendant Berry and subsequently delivered the cocaine powder to Berry.
On May 8, 2007, Claxton and all but one of his co-defendants were convicted by a jury of these offenses.[1] On December 15, 2008, the District Court granted Claxton’s motion for a new trial. On June 1, 2009, Claxton went to trial again, but the District Court granted his motion for a mistrial at the close of the Government’s case.[2]
Claxton then filed a motion to dismiss the Cocaine Indictment on double jeopardy grounds, contending that the conspiracy charged was the same as the conspiracy charged in Count I of the Marijuana Indictment. On July 17, 2009, the District Court denied Claxton’s motion. Claxton filed a timely notice of appeal.
II. Discussion[3]
The Double Jeopardy Clause guarantees that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. Double jeopardy attaches when it is “shown that the two offenses charged are in law and in fact the same offense.” United States v. Felton, 753 F.2d 276, 278 (3d Cir.1985) (citing United States v. Ewell, 383 U.S. 116, 124, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966)). The Double Jeopardy clause prevents the government from splitting one conspiracy into multiple prosecutions. See Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 87 L.Ed. 23 (1942).
A defendant is entitled to a pre-trial evidentiary hearing if he makes a non-frivolous showing of double jeopardy. United States v. Liotard, 817 F.2d 1074, 1077 (3d Cir.1987). Once a defendant makes this showing, “the burden of persuasion shifts to the government to prove by a preponderance of the evidence that the two indictments charge the defendant with legally separate crimes.” Id. (citing Felton, 753 F.2d at 278).
To ensure that a defendant’s constitutional right against double jeopardy is protected in the context of successive conspiracy prosecutions, we apply a “totality of the circumstances” test in which we consider (1) the “locus criminis” (location) of the two alleged conspiracies; (2) the degree of temporal overlap between the conspiracies; (3) the overlap of personnel between the conspiracies, including unin-dicted co-conspirators; and (4) the similarity in the overt acts charged and the role played by the defendant in each indictment. United States v. Smith, 82 F.3d 1261, 1267 (3d Cir.1996) (citing Liotard, 817 F.2d at 1078). We do not apply these factors rigidly, id., but focus instead on the overarching inquiry of “whether two groups of conspirators alleged by the government to have entered separate agreements are actually all committed to *329 the same set of objectives in a single conspiracy.” Id. at 1271.
Although both conspiracies here occurred in St. Croix, Virgin Islands during roughly the same time period, the conspiracies diverge in almost all other respects. Most obviously, the conspiracies had different objectives. The objective of the conspiracy alleged in the Cocaine Indictment was to obtain and distribute cocaine and crack. The objective of the conspiracy alleged in the Marijuana Indictment was to secure and distribute marijuana.
Claxton played a different role in each conspiracy and engaged in different overt acts. In the marijuana conspiracy, Clax-ton was the ring leader of a drug trafficking enterprise involving ten people. He used two post office employees to help track and secure marijuana sent to him via mail. He then used co-defendants Magras and Bloodman as couriers to distribute the marijuana. In contrast, in the cocaine conspiracy, Blake was the leader of the enterprise and Claxton was allegedly a role player, who assisted in the conspiracy by storing cocaine for co-defendant Berry.
In addition, for the most part, the two conspiracies involved different people. The cocaine conspiracy involved six defendants, while the marijuana conspiracy involved ten defendants. The only defendants charged in both indictments were Claxton and Randy Simon. Thus, the overlap in personnel was minimal. The overlap in their respective functions was even less.
Nevertheless, Claxton claims the Cocaine Indictment violates his rights under the double jeopardy clause because all the defendants in the two conspiracies were originally charged under one indictment with possessing and distributing both marijuana and cocaine, and both he and Randy Simon were charged in both conspiracies. Claxton also argues that, in both conspiracies, the government could only establish its case through recorded telephone conversations occurring at the same time and involving essentially the same co-defendants. However, merely separating charges in an original indictment into two separate subsequent indictments is not a per se violation of Double Jeopardy. Rather, Claxton must show that by dividing the original indictment, the government impermissibly divided a single conspiracy prosecution into multiple conspiracy prosecutions. Given the distinctions in the two conspiracies noted above, Claxton cannot make this showing. Nor does the similarity in the method of proof establish a single conspiracy, given the significant differences in the conspiracies already outlined in this opinion. Accordingly, Claxton has failed to make a non-frivolous showing of double jeopardy.
III. Conclusion
For the foregoing reasons, we will affirm the judgment of the District Court.

. The Cocaine Indictment at issue in this appeal is the Second Superseding Indictment in the criminal case. The first Indictment was handed down on September 26, 2006. A Superseding Indictment was filed on October 17, 2006 upon which trial commenced on April 10, 2007.

. The reasons for granting the new trial and mistrial are not relevant for the purposes of deciding this appeal.