NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-1388
_____

UNITED STATES OF AMERICA

v.

FR'NEIL HICKSON
a/k/a Philly

Fr'neil Hickson
              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-16-cr-00279-001)
District Judge:  Honorable Robert B. Kugler

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2017

BEFORE:  GREENAWAY, JR, NYGAARD,
and FISHER, *Circuit Judges*

(Filed: January 8, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

Fr'Neil Hickson brings this interlocutory appeal because he is convinced that the District Court in New Jersey is violating the double-jeopardy clause by denying his motion to dismiss charges of unlicensed dealing of firearms, conspiracy to deal said firearms, and unlawful possession of a firearm by a convicted felon. The basis for his claim is that he already has been prosecuted in the Northern District of Georgia of being a felon in possession of firearms, which he links to this case. We will affirm.

Hickson relies on the principle, generally attributed to *Braverman v. United States*, 317 U.S. 49 (1942), that "the double jeopardy clause prohibits [the government] from splitting one conspiracy into several prosecutions." *United States v. Becker,* 892 F.2d 265, 268 (3d Cir. 1989). He contends that the government has already prosecuted him in Georgia for a piece of the conspiracy that it now alleges in the indictment against him in the New Jersey District Court. Therefore, he asserts, the Georgia prosecution precludes the government's prosecution for any of the crimes alleged in New Jersey.

To ascertain double jeopardy, we apply the well-established standard of determining "whether each provision requires proof of a fact which the other does not." *United States v. Xavier,* 2 F.3d 1281, 1290 (3d Cir. 1993) (quoting *Blockburger v. United States,* 284 U.S. 299, 304 (1932)).[1] On January 7, 2016, Hickson pleaded guilty

---

[1] Hickson contends that whether double jeopardy was violated in a conspiracy case depends on a totality of the circumstances test to determine if charges of conspiracy raised in different indictments significantly overlap. *United States v. Liotard,* 817 F.2d 1074 (3d Cir. 1987). However, the Georgia indictment charged Hickson with a

2

(in the Northern District of Georgia) to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). He was sentenced on March 24, 2016. To convict Hickson of this crime, the government had to prove: "(1) that [Hickson] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [Hickson] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000).

A federal grand jury in the District of New Jersey returned an indictment on June 15, 2016, that charged Hickson with three crimes. Count One of the indictment, unlicensed dealing in firearms, requires the government to prove that Hickson was: (1) an unlicensed firearm dealer, manufacturer or importer; (2) who, in the course of the unlicensed business, was dealing, shipping, transporting or receiving firearms, and; (3) the firearms had passed in interstate commerce. 18 U.S.C. § 922(a)(1)(A). His prosecution in Georgia is distinct from Count One of the indictment because that charge did not require proof of any licensure. 18 U.S.C. § 922(g)(1). Moreover, Count One of the indictment in New Jersey does not require evidence that Hickson is a felon, which was necessary for his Georgia prosecution.

Count Two of the indictment charges Hickson with conspiracy to deal in firearms without a license, requiring evidence of Hickson: (1) conspiring with one or more other persons to commit any offense or defraud the United States; (2) and one or more persons doing "any act to effect the object of the conspiracy." 18 U.S.C. § 371. Count Two

---

standalone violation of 18 U.S.C. § 922(g)(1), not a conspiracy, making *Liotard* inapplicable.

3

requires evidence of an agreement with another person to carry out the crime; something that was not necessary for his Georgia prosecution. Applying *Blockburger,* we can safely conclude that Count One and Count Two charge crimes that are distinct from the crime to which Hickson pleaded guilty in Georgia, and they do not run afoul of double jeopardy.

Since Count Three arises from the same criminal statute for which he was prosecuted in Georgia (felon in possession charge, pursuant to Section 922(g)(1)), Hickson highlights factual connections between the Georgia prosecution and the conspiracy charged in New Jersey as evidence of double jeopardy. He notes that the woman who sold the firearms to him in Georgia, Sylvia Jackson, was a confidential informant working with the same Bureau of Alcohol, Tobacco, and Firearms (ATF) officers who were running the investigation of the alleged firearm conspiracy in New Jersey. These officers were behind the firearm transaction that resulted in Hickson's Georgia prosecution. Hickson also highlights that Sylvia Jackson is married to Joshua Jackson. This is important, Hickson says, because Joshua Jackson is charged as Hickson's co-conspirator, and is alleged to have been the source for all of the guns involved in the gun-trafficking conspiracy. All of this, from Hickson's view, is evidence that the transaction between himself and Sylvia Jackson was merely part of the larger alleged conspiracy that the government is now attempting to prosecute in New Jersey. The problem, however, is that Hickson's purchase of the twelve firearms in Sandy Springs, Georgia on April 29, 2014, was a separate "incident of possession" that can—for purposes of Section 922(g)(1)—stand apart from the act of illegal possession alleged in the indictment. *United States v. Tann,* 577 F.3d 533, 537 (3d Cir. 2009). The record

4

plainly shows that these were distinct acts of possession on different dates, involving different guns, in different jurisdictions.[2]  These differences fatally undermine Hickson's assertion of double jeopardy as to Count Three of the indictment.[3]

For all of these reasons, we will affirm the order of the District Court.

---

[2] The conspiracy indictment alleges Hickson possessed and distributed firearms in New Jersey through April 2013.  No one disputes that Hickson was arrested in Georgia on April 29, 2014 for possessing guns distinct from those referenced in the indictment.

[3] Hickson also complains that the government used its discretion to prosecute the offense in Georgia to leverage a plea by Hickson to the conspiracy charge.  However, such a negotiation tactic is well within the government's discretion and does not legitimize his assertion of double jeopardy.